## CAPSHAW, ET AL. v. FENNELL.

1. When a vendor, upon the sale of a tract of land for a sum in gross, inno-
cently represents it as containing 300 acres, when in fact it contains but
282 acres, and the vendee sometime afterwards accepts a deed from one
in whom the legal title is vested, reciting that the tract contains but 282
acres, after which the vendee executes his notes to the vendor for the pur-
chase money unpaid, without objection; and there being evidence tend-
ing to establish, that the *locality* was a leading inducement to the contract
—the vendee cannot have compensation for the deficiency, as the infer-
ence from the facts, is, that if the deficiency had been known at the time
of the sale, the terms of the contract would not have been altered.

Appeal from the Court of Chancery at Huntsville.

THE material allegations of the bill are, that complainant
and defendant, on the 15th December, 1840, entered into the
following contract: The said Preston Capshaw, promises to
pay to James W. Fennell, $2,450, for which he has given
his notes, half payable on the first of March, 1841, and the
other half payable the first of March, 1842, for the tract of
land on which said Fennell now lives, containing 300 acres,
*more or less*, and the said Fennell hereby obligates himself,
in the penal sum of $4,900, to make unto Capshaw, a good
title to said land. The bill also alledges, that previous
to the sale, the said Fennell represented to the complainant,
that the tract of land contained 300 acres, and attaches as an
exhibit, a letter of the defendant, addressed to complainant,
in which Fennell proposes to sell the land, and in this letter it
is stated, that he owned 300 acres. The bill also alledges, that
the complainant took possession of said land after the con-
tract, and has paid the first note described in the contract, and
the greater part of the second note, and on the 3d March,
1843, executed a new note for $346, being the balance due
on the second note, and to recover the residue, suit at law
was brought by Fennell, against complainant. It is further

alledged, that the tract of land contained only 282 acres, and that this was known to Fennell at the time of entering into the contract, and of making the representation that it contained 300 acres. That the tract of land originally contained 304 acres, but that 22 acres were sold off, and detached from the tract before Fennell purchased it, and that the title deed, or bond for titles held by Fennell, showed the quantity to be 282 acres. The bill admits that complainants accepted a deed for the land, from one John Simmons, in whom was the legal title, which bears date the 22d March, 1842, and specifies the tract of land by metes and bounds, and states the quantity to be 304 acres, less 22 acres, particularly described, and previously sold to one Howell. The bill prays an injunction against the suit at law, for the recovery of the amount of the purchase money unpaid, and for compensation for the difference betweeen 300 and 282 acres—the actual amount conveyed to complainant.

The answer admits the execution of the contract, and that the defendant represented to the complainant, that the tract of land contained 300 acres, but denies that he knew it contained less; or that he had in his possession any deed, or title bond that would show that fact; but states that he had no written title, or bond for title, and always believed that the tract of land contained 300 acres. Denies that the sale was by the acre, or that the precise quantity of land was the inducement to the contract; and insists on the reception of the deed, from Simmons, without objection, as evidence thereof. There was some testimony taken to show the quantity of the land.

HUMPHREYS, for appellant.

The vendee of land has a right to receive a title, so far as the vendor has title, and to demand compensation for such portion contracted to be sold, to which the vendor has no title. [2 Bibb, 410; Jones v. Shackleford, Marshall, 494; 9 Johns. 460, and many other cases.]

CLAY, for the defendant, contended—1. That the contract of sale was not by the acre, but a contract for the tract of

land, for a gross sum, and that as there was no fraud in the contract, the bill was properly dismissed.

2. That complainant having accepted the deed from Simmons, which showed the deficiency on its face, without objection, he could not now seek compensation for such deficiency.

DARGAN, J.—The contract in this case, was for the sale of a tract of land, containing 300 acres, *more or less*. The vendor represented to the vendee, that it contained 300 acres, when in fact it contained only 282 acres, but the sale was not expressly by the acre, but was for a gross sum, for the tract. The contract of sale was entered into in December, 1840, and a deed was made to the complainant by Simmons, in whom was the title, in March, 1842. The vendor never had any written title, and from the answer, and all the circumstances brought to the notice of the court by the record, we believe that the representation was innocently made. The defendant purchased the tract, and paid for it, supposing it contained 300 acres, and there is no evidence whatever to show, that he discovered the mistake, at any time previous to the final consummation of the contract.

The law is, that if the vendor makes false representations as to the quantity of land about to be sold, knowing them to be false, the vendee may have compensation for the deficiency. [2 H. & Mun. 160; Sugden on Vend. 391; Minge v. Smith, 1 Ala. Rep. 415.] But here the representation was innocently made, under the belief that the tract of land contained 300 acres. This was a mere mistake, not a fraud. When there has been a mutual mistake as to the quantity of land sold, it is difficult to lay down any precise rule, that will always guide us in determining when compensation will, and when it will not be allowed; but inasmuch as the complainant in this case, received the deed in March, 1842, and on the face of the deed, notice of the deficiency is fully given, a year afterwards he renewed his note for the small balance of the purchase money, without objection or claim for compensation, we believe, that if the true quantity had been known at the time of entering into the contract, to both parties, the terms of the contract would not have been altered

We arrive at this conclusion of fact, from the nature of the contract itself; from the conduct of the complainant in receiving the deed, which gives notice of the deficiency on its face, without objection; then a year after, as stated, renewing his note for the balance of the purchase money, then saying nothing of the deficiency. Also, the exhibits, being the letters of the defendant, show, that the locality was a leading inducement to the contract; and we cannot come to the conclusion that the terms of the contract would have been altered, had the true quantity been known. In this case, then, we cannot conceive how compensation can be allowed.

The decree therefore, dismissing the bill, was correct, and is hereby affirmed.