Thompson, J.
delivered the opinion of the court. This being a case by consent of parties, subject to the opinion of the court, matters of fact as well as of law are submitted to our determination. And according to my view of the case, there are several grounds upon which the defendant is entitled to judgment. The defendant, by his third plea, alleges that the deed executed by himself and wife, was delivered to the plaintiff, and accepted by him, in full performance, satisfaction and discharge of the covenants of the defendant, contained in the articles of agreement} upon which issue was joined. Whether this was a good plea or not, is a question which cannot arise here. The only inquiry is,. *303 whether the plea was supported by the proof, and upon this point I cannot discover any room for doubt. The subscribing witness to the deed swears that at the time the same was executed and delivered to the plaintiff, it was unconditionally accepted, and declared to be in satisfaction of the articles of agreement, and that the same were null and void, and were, as the witness understood, to be cancelled; they being, as appears by the testimony of another witness, in the hands of a third person not present at the time. The testimony of this witness was not impeached, nor in any manner contradicted. The conversation testified to by He Zang, does not appear to have been offered with that view, and was too loose and indefinite to have any such effect. He only swears that the plaintiff, some time after the deed was executed and delivered, said to the defendant, he thought the farm would not hold out in quantity, and that the defendant ought to make some allowance; to which the defendant replied he had no objections, and if the plaintiff would get the farm surveyed, he would do what was right about it. If this conversation is entitled to any weight, it must be considered in the nature of a new agreement But in my conception, it implies an admission by the plaintiff, that he had no remedy upon the articles of agreement. Forbad such been his understanding of his rights, he probably would not have addressed himself to the equity of the defendant, by telling him he ought to make some allowance for the deficiency, but would have told him he was bound by his articles to make such allowance.Admitting an absolute promise to have been made, it would not aid the plaintiff’s right to recover in this action of covenant upon the agreement. His remedy, if any, must be by an action upon such, promise.
Articles of agreement for the conveyance of land are, in then nature, executory, and the acceptance of-a deed, in pursuance thereof, is to be deemed, prima facie, an execution of the contract, and the agreement thereby becomes void, and of no further effect. Parties may, no doubt, enter into covenants collateral to the deed, or cases may be supposed when the deed would be deemed only a part execution of the contract, if the provisions in the two instruments clearly manifested such to have been the intention of the parties. But the prima facie presumption of law arising from the acceptance of a deed, is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such' deed, {Vnd the original agreement becomes null and void. This appears *304 to me to be a sound and salutary rule, and conformable to the" doctrine of this court in the case of Howes v. Barker. (3 Johns. Rep. 506.) The Chief Justice, in that case, said he could not surmount the impediment of the deed which the plaintiff had accepted from the defendant; and that he thought himself bound to look to that deed as the highest evidence of the agreement of the parties. But in the case before us, we are not left to determine the legal effect and operation of a bare acceptance of a deed; for the parties, by their pleading, have put it in issue, as matter of fact, whether such acceptance was in full performance, satisfaction and discharge of the agreement; and the proof is, in my opinion, conclusivesthat the deed was so accepted; and the defendant, of course, is entitled to judgment; and this is the opinion of the court.
Judgment for the defendant.