ALABAMA.

## Dozier v. Duffee.

1. The condition of a bond described a sale of land, by metes and bounds, at a gross price; held that there being no fraud, it was inadmissible at law, to prove by parol, that the sale was at a certain price per acre; and that in computing the entire sum to be paid, there was a mistake as to the number of acres; and that if relief could be had, it must be sought in Chancery.

2. In a bond for title, the vendor described the land by its appropriate designation, in the land office, adding after the description of the land, containing so many acres; *more or less.* The sale embraced a number of tracts or parcels of land, and there was no statement at the close, of the entire number of acres sold—held that there was no stipulation, or covenant, on the part of the vendor, of the quantity of acres sold, that it was a sale by metes and bounds, and that no reduction of the price could be had, there being no fraud, for a deficiency in the quantity.

Writ of error to the Circuit Court of Tuscaloosa County.

THIS was an action of assumpsit, brought by the plaintiff in error against the defendant in error, as bearer of a promissory note, for five thousand, three hundred and seventy dollars, made to H. F. Arrington, or bearer, by the defendant in error. The defendant below pleaded non assumpsit, payment, set-off, want of consideration, and failure of consideration; and at the trial below, the plaintiff had judgment for five thousand five hundred and sixty and ninety-five one hundredths dollars. During he trial a bill of exceptions was taken to the opinion of the court, from which it appears that the note sued on, was executed in part payment of the consideration of a tract of land, purchased by the defendant, from H. F. Arrington. The defendant read in evidence, a bond for title, as follows:

"Received of Matthew Duffee, a bill of exchange for the sum of two thousand six hundred and eighty-five dollars, dated Dec. 5th, 1836, and payable one hundred and twenty days after date; also, a note payable to H. F. Arrington, or bearer, for twenty-

Dozier v. Duffee.

six hundred and eighty-five dollars, dated December 1st, 1836, payable the 1st August 1837; and also, a promissory note, payable to H. F. Arrington, or bearer, for five thousand three hundred and seventy dollars, dated 1st December, 1836, and due 1st February, 1838. Now know all men by these presents, that I, Henry F. Arrington, of the county of Sumter, State aforesaid, am held and firmly bound, in the penal sum of twenty-thousand dollars, to make and execute, good and sufficient titles to the following described tracts or parcels of land, unto the said Matthew Duffee, so soon as the above described bills and notes, shall have been fully paid and satisfied, to wit: the west half of the north-west quarter of section fourteen, containing eighty and twenty-seven one hundredths acres, more or less; the west half of the north-east quarter of section fourteen, containing eighty and twenty-nine one-hundredths acres, more or less; all of the south half of section fourteen, east of Big Creek, containing two hundred and eighty-one acres, more or less; all of the north half of section twenty-three, east of Big Creek, and the south-east fraction of said section together, containing four hundred and eleven and twenty-four one-hundredths acres, more or less; and also the north-east fraction of section twenty-six, containing six and one hundred and five three hundredths, more or less; all in range eleven, west, of township twenty, of lands sold at Tuscaloosa.

Signed and sealed.        H. F. ARRINGTON, [SEAL.]"

The defendant proved that at the negotiation, for the sale of said land, mutual reference was made by the parties, to a plat which represented one hundred and thirty acres of the land sold, to be within that portion of the north-west quarter of section twenty-three, township twenty-one, range eleven, west, which lies east of Big Creek, and offered evidence, conducing to show that the vendor and vendee, estimated said land, at said sale, at twelve and fifty one-hundredths dollars per acre; and then proved by a a professional surveyor, that he had measured the land in said quarter section, and that there was therein, east of said creek, seventy-eight and twenty-five one-hundredths acres; and west of

said creek, seventy-four acres, independent of what was covered by the creek.

Plaintiff then proved that long before the sale of said land to the defendant, he had performed some work on a small portion thereof, but was not generally over the tract; that the land lies five miles from Tuscaloosa, the defendant's residence; that Arrington had derived his interest in the land by marriage, and was not intimately acquainted with the premises, and that in the sale aforesaid, both parties were guided by the representations of said plat.

It was also proved that the defendant resold the land, after some length of time, but that by the contract of sale, the land was to be paid for per acre, according to actual admeasurement. The plaintiff proved by his attorney, that in May or June, after the action was begun, the defendant said he thought hard of the plaintiff for suing him, as he had paid him one claim of more than two thousand dollars, during the previous winter, and had then promised plaintiff to pay him this note, on the 1st of January next after, which was sooner than he could get it by law: whereupon, the plaintiff, by his counsel, moved the court to charge the jury:

1st. That in an action on a note given for land, partial failure of consideration cannot be set up as a defence at law, to said note.

2d. That the title bond is the highest evidence of the final determination of the parties to the contract, and unless fraud be shown, verbal testimony cannot be received to alter or vary it.

3. When lands are sold by metes and bounds, or by actual surveys, or known and fixed monuments, and the number of acres are inserted, with the addition, more or less, the latter is matter of mere description, and the former must control the latter.

4. That if the jury believe that the defendant retained the lands for a long time, and subsequently sold them, it is a strong circumstance to show he waived his defence, and acquiesced in the contract.

5. That if after the defendant received notice of the transfer, he promised to pay, and requested indulgence, although it was not given, he is prevented from setting up a failure of consideration,

Dozier v. Duffee.

at the trial of said note in the hands of such endorsee. All which the court refused, and instructed the jury, that partial failure of consideration in a proper case, can as well be set up to a note for land as for a chattel; that it is a common maxim that a man shall not pay his money for nothing, as well as a legal principle, that he is not bound by any admission made since notice of the transfer, unless it is shewn that he knew of the defence at the time; that the promise to pay was founded on no consideration, unless the indulgence was given, and was therefore not binding—that the subsequent sale is no waiver of the defendant's rights; if the land was sold per acre, that a deficiency in the quantity of acres may be set up notwithstanding the addition of the words "more or less," though other more definite and permanent description of the premises be used, unless the deficit is very small, and this is only on the ground, *de minimis non curat lex*, and that unless the jury believe the other note and bill given for said lands, were not paid, they may deduct the whole deficiency they may think should be allowed from this note. To all which the plaintiff excepted and now assigns as error, the matters of law arising out of the bill of exceptions.

INGE & SMITH, for the plaintiff in error.

WM. COCHRAN, contra.

ORMOND, J.—This action is brought on a promissory note, which from the testimony in the cause, it appears was part of the consideration of the purchase of a tract of land.

From the proof offered by the defendant below, it appears that at the treaty between the parties, the land was estimated at twelve dollars and fifty cents per acre; and that by a computation at that price, the entire sum agreed to be paid, was ascertained: and that both parties were under a mistake, as to the number of acres contained in one of the parcels, and by the direction of the court, the jury deducted the amount of the excess thus produced, from the note sued on.

There is nothing contained in the testimony from which it

can be inferred that there was any fraud practised by the vendor. The bond which the vendor gave for title, describes the land sold, and promises to make title, thereto, on the payment of the several securities, which are described as having been given as the consideration; but is silent as to the price agreed to be paid, per acre. The question then is, can a mistake of this description, be rectified in a court of law.

To rectify a mistake in a contract is the peculiar province of a court of chancery. This results from the rule of law, that a written contract is itself, the highest evidence of the stipulations entered into, by the contracting parties; and therefore, cannot by parol, be shown to be different from what its terms import, unless it be obtained by fraud.

If, however, the stipulations of either of the contracting parties have been influenced by a mistake of the facts, the written evidence of the contract does not speak the intention of the parties to it; and equity, will in a proper case, interpose, and by reforming, or vacating it, as justice may require, enforce the contract which the parties intended to make, or vacate it altogether.

This, then, according to the parol proof in the cause, is the case of a promise to pay, so far as it relates to the excess, for a thing which did not exist; upon the mistaken supposition of both parties, that it did exist. Assuming this to be the true aspect of the case, and that the mistake is not owing to the gross negligence of the vendee, there should be an abatement of the price, to the extent of the deficiency. But no relief can be had in a court of law, because the law forbids the proof to be heard, by which this fact is ascertained.

It is true, that the rules of evidence are the same, in Chancery, as at law; and it would seem, that a court of Chancery, no more than a court of law, could afford relief in such a case. This is admitted by Mr. Justice Story, in his treatise on equity, and is stated by him to be an exception to the general rule introduced by courts of chancery, to effectuate the purposes of justice. " A court of equity," he says, " would be of little value, if it could suppress only positive frauds, and leave mutual

Dozier v. Duffee.

mistakes, innocently made, to work intolerable mischiefs, contrary to the intention of parties. It would be to allow an act originating in innocence, to operate ultimately as a fraud; by enabling the party who receives the benefit of the mistake, to resist the claims of justice, under the shelter of a rule, framed to promote it. In a practical view, there would be as much mischief done, by refusing relief in such a case, as would be introduced by allowing parol proof in all cases." See Story's Equity, 1st vol. 167, and cases there cited.

It results from the view here taken, that the court erred in permitting evidence to be introduced, showing a contract different in its terms, from the written evidence of the contract, entered into, by the parties.

But there is another view of this case, arising out of the terms of the bond given for title; which is conclusive of the rights of the parties. If parol testimony could be introduced, either at law, or in equity, to establish the actual quantity of acres in the tract of land purchased, it must be admitted on the ground, that the bond for title, contains a stipulation on the part of the vendor, of the number of acres contained in the tract. But an examination of the bond, shows very clearly, that this was a sale by the government surveys; and that the vendor did not intend to covenant for any particular number of acres. The land is described in parcels, by its appropriate designation, at the land office; and to each separate parcel is added, containing so many acres, *"more or less:"* There is no mention at the close of the contract, of the entire number of acres. There is not, therefore, any affirmation by the vendor, of the quantity of acres in the entire tract, and the words " containing — acres, more or less,'" must be understood as part of the description of the land. The words, *more or less*, though not decisive, of themselves, to show that there was no stipulation, by the vendor, as to quantity, yet, when taken in connection with the rest of the deed, become very expressive of its true meaning.

There being, therefore, no covenant on the part of the vendor, as to the quantity of acres in the tract, it was a sale by *metes*

*and bounds;* and in the absence of fraud, the actual quantity, whether more or less than the estimation at the purchase, would not avail either party.

The views here expressed render it unnecessary to examine the other questions made in the cause.

Let the judgment be reversed, and the cause remanded for further proceedings.