## FREDERICK *vs.* YOUNGBLOOD.

1. When the purchaser of land files a bill seeking to be relieved against the payment of a part of the purchase money on the ground of a deficiency in the quantity of land, and does not allege in his bill that there was any fraud or mistake in the execution of the deed, or that any language not truly expressive of the contract had been inserted therein, or any part of the contract omitted, the deed of conveyance must be taken as conclusive evidence of the terms of the contract.

2. The words "be the same more or less," when used in a deed in stating the quantity of land conveyed by it, mean that the parties shall run the risk of gain or loss, and that if the quantity prove greater or less than that stated, they shall nevertheless abide by their bargain.

ERROR to the Chancery Court of Dallas. Tried before the Hon. W. W. Mason.

LAPSLEY & HUNTER for plaintiff in error.

STONE and JUDGE *contra*.

Frederick v. Youngblood.

COLEMAN, J.—The bill in this case alleges that on the 25th December, 1837, the defendant sold to complainant a tract of land at twenty-four dollars per acre; that defendant represented to complainant at the time of sale that the tract contained five hundred and five acres, but that he would estimate it at five hundred acres, which, at twenty-four dollars per acre, made the total consideration of the sale amount to $12,000. One third of this complainant paid in cash, and gave his notes for the balance; that a title to forty acres, part of said tract had been previously vested in complainant, and on the day of sale he received of defendant a deed for four hundred and sixty-five acres, the remainder of the tract; that about —— years after the sale, complainant discovered that there was a deficiency of thirty $\frac{80}{100}$ acres in the quantity of land so conveyed to him; that on the 20th January, 1842, complainant gave his note for a balance due of the purchase money, upon which he has been sued, and prays an injunction for so much as is claimed, for said deficiency.

The defendant denies that he represented the quantity of land as above stated, or that he sold it for twenty-four dollars per acre, and avers that it was a sale in gross for $12,000, and that the deed for said land which describes the same according to the government surveys, and after stating the number of acres, contains the words "be the same more or less," shows truly the agreement between the parties as to the quantity of land sold; that complainant had lived adjoining said land for many years, had owned a part of it and had a better opportunity than defendant of knowing the number of acres. The defendant insists that the complainant has shown so great a want of diligence, in suffering nearly ten years to elapse before he set up the deficiency, that he ought not now to be permitted to do it, &c.

We think the testimony authorizes the conclusion, that at the sale of said land, the parties supposed there were five hundred acres in the tract, and that they rated the same at twenty-four dollars per acre, but that there was no stipulation on the part of the defendant as to the quantity of the land. The deed of conveyance in this case must be taken as conclusive evidence of the terms of the sale. There is no allegation of fraud, or that any language not truly expressive of the contract had been inserted in the deed, or that any mistake whatever had been made in writing the same. In such a case parol proof contradicting the

44

deed would not be admissible even in equity. We think that the obvious common sense meaning of the words in the deed, "be the same more or less," is, that the parties should run the risk of gain or loss, and if the quantity proved greater or less than the quantity sold, the parties should abide by their bargain. In Joliffe v. Hite, (1 Call. 301,) it was held that if the vendor sells a tract of land so many acres, "more or less," and it turns out on a survey, that there is less than the estimated quantity, the buyer shall not be relieved in equity. In Young v. Craig, (2 Bibb,) it was decided that the words "more or less" in a deed were evidences that the parties risked a gain or loss in the estimated quantity, though it is admitted that equity would relieve against fraud or palpable and gross mistake. In both of these cases, the deficiency in the quantity of land greatly exceeded the deficiency in this case.

In Dozier v. Duffie, (1 Ala. 320,) in a bond for title, the vendor described the land by its appropriate designation in the land office (as in the deed in this case,) containing so many acres more or less. The sale embraced a number of tracts sold, and there was no statement at the close of the entire number of acres sold; held, that there was no stipulation or covenant on the part of the vendor of the quantity of acres sold ; that it was a sale by metes and bounds, and that no reduction of the price could be had, there being no fraud, for a deficiency in the quantity. The correctness of this decision was fully recognized in the case of Minge v. Smith, (1 Ala. 419.)

Let the decree be affirmed.