By the Court. Campbell, Justice.
In Houghly v. Lewis, 10 John. 297, it was said by Mr. Justice Thompson, in delivering the opinion of the Court, that “ parties may no doubt enter into covenants collateral to the deed, or cases may be supposed when the deed would be deemed only a part execution of the contract, if the provisions in the two instruments clearly manifested such to have been the intention of the parties.” And the same learned judge had before said, in Harris v. Barker (3 John. R. 509), that “ the deed cannot be considered as an execution of the contract in part only. If an execution at all, it must be of the whole contract, and the articles of agreement are a nullityand this was the doctrine held by him in HoughI/j v. Lewis. Indeed the general principle is well settled that all negotiations between the parties prior to or contemporaneous with the execution of a deed are merged in it (Patterson and others v. Hull and others, 9 Cowen, 747). I am inclined to think that the true distinction was taken by Justice Welles, in Bull v. Willard, 9 Barbour, 641, that in all cases the execution and delivery of the deed operate as a merger of the contract on the part of the grantor except where the covenants in the contract are collateral and independent, and not such as look to the title, possession, quantity, or emblements of the land.
In this case, as in Bull v. Willard, there was a tax on the property—a lien on the premises to be conveyed. It does not *25 appear that the defendant had any knowledge of it. He had agreed to procure and deliver a good and satisfactory warranty deed. He procured and delivered a deed containing a covenant against the grantor’s own acts, and it was accepted by the plaintiff. It appears to have been satisfactory to him, as no objection was made by him or his attorney who was present at the time of the delivery of the deed.
The counsel for the plaintiff relied upon the case of Bogart v. Buckhalter (1 Denio, 125). But that case simply determines that a conveyance by the vendor does not operate to relieve the vendee from his covenants contained in the agreement. The performance of a contract by one party to it is not in judgment of law a performance by the other. The general principle then deducible from all the cases in this State would seem to be this, that where there is a contract for the conveyance of land and a deed is subsequently executed and accepted by the vendee, it operates, so far as the vendor is concerned, as an execution and merger of the contract, except there may be covenants in the contract which are collateral, and not connected with the title, possession, or quantity of the land. But on the other hand, the acceptance of the conveyance does not discharge the vendee from his covenants in the contract. He may still be liable as in the case of Bogart v. Buckhalter, to erect a brick house on the lot which he had stipulated to do by the terms of his agreement to purchase. ' He might still be compelled to pay the purchase money, if it remained in whole or in part unpaid after the execution of the deed, and this according to the amount agreed upon in the contract. In the case before us there is no hardship in the application of the rule. The defendant, it seems, acted as agent. He was to procure and deliver a deed. The plaintiff was to pay as soon as it “ can be ascertained that the title to said premises is good and unencumbered.” The contract contemplated that the plaintiff should examine and ascertain whether the title was good, and whether the premises were unencumbered. The lien in question was a recent tax, and its existence could easily have been ascertained. It might be a great hardship under such circumstances to hold the defendant liable upon his contract when a deed has been given and accepted without objection, and when *26 the agent may have settled and paid over the proceeds to his principal. It is unnecessary under this view to consider whether the plaintiff having himself no title to the premises, the same having been conveyed to his wife, can bring an action on the contract, he not having been compelled to pay the same.
We think that the. verdict for the plaintiff must be set aside, and a verdict and judgment thereon be entered for the defendant with costs.