# CARTER vs. BECK.

[ACTION BY PURCHASER TO RECOVER EXCESS OF PURCHASE-MONEY.]

1. *Acceptance of deed annuls agreement to convey.*—The acceptance by the purchaser of a deed from his vendor, is a complete execution of the vendor's antecedent agreement to convey, and annuls it; and an action at law cannot afterwards be maintained upon the agreement, on account of the deficiency in the land conveyed by the deed.

2. *When action lies for money paid; admissibility of parol to vary deed.* Parol evidence is not admissible, at law, to contradict a deed, by showing that it does not in fact convey the number of acres which it purports to convey; consequently, an action of assumpsit, on the common money counts, does not lie to recover the alleged excess of purchase-money paid.

3. *Construction of deed as to quantity of land conveyed.*—A deed, executed by an administrator, to the purchaser at a public sale made by him under an order of the probate court, which describes the several parcels composing the tract of [land by the numbers of the section and township, stating the number of acres contained in each, and adding the words "*containing in all about*" a specified number of acres, which number is greater than the aggregate of the sums said to be contained in the several parcels: " which said land," it states, "was knocked off to B. for the sum of $24,457.10,"—shows a sale of the land in gross, and contains no covenant as to quantity.

4. *Form of complaint in assumpsit for breach of special contract.*—A complaint which alleges, that the plaintiff claims of the defendant $4,000, "as damages for the breach of an agreement entered into by him" on a specified day, "by which he promised to make to plaintiff, on" &c., "good and legal titles to" a specified quantity of land, sold by him, as administrator, under an order of the probate court; " to secure the payment of the purchase-money of which said land, plaintiff executed his promissory note," which he afterwards paid on a specified day; "at which time, defendant covenanted, agreed, and promised, to make to plaintiff good and legal titles to said lands "; " that defendant wholly neglected, failed and refused to execute to him titles to said land," but did, "in part performance of his said agreement," execute a deed for a part of the land, " and wholly failed and refused to make titles and execute a deed for the whole number of acres which he had covenanted, promised, and agreed to do"; "by reason of which breach of his agreement, plaintiff has been greatly injured and damaged, and an action has thereby accrued to him to have and demand the said sum above demanded; yet said defendant, although often requested so to do, has not as yet made

titles to the whole number of acres by him agreed and covenanted and promised to be made by him," &c.,—is in assumpsit, and not in covenant.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by William K. Beck, against Augustus Carter, and was commenced on the 4th February, 1861. The original complaint contained the common money counts, and a special count in the following words : "The plaintiff claims of the defendant four thousand dollars, as damages for the breach of an agreement entered into by him on the 24th day of January, 1859, by which he promised, on the 7th day of February, 1859, to make to plaintiff good and legal titles to twelve hundred and twenty-nine acres of land, sold to plaintiff by him, as administrator with the will annexed of Thomas Carter, deceased, in pursuance of an order of the probate court of Wilcox county, Alabama, at public out-cry, on the 29th day of December, 1856, for nineteen 90–100 dollars per acre, and to secure the payment of the purchase-money of which said land, so sold to him, the plaintiff executed to said defendant, as administrator as aforesaid, his certain promissory note, with good and sufficient security, bearing date the 1st day of January, 1857, and payable, according to the terms of said sale, on the 30th day of December, 1857, for the sum of twenty-four thousand four hundred and fifty-seven 10–100 dollars; which said promissory note, with all interest thereon accrued, was paid in full by plaintiff to defendant, on the 24th day of January, 1859 ; at which time, to-wit, on said 24th day of January, 1859, the defendant covenanted, agreed, and promised to make to plaintiff good and legal titles to the said land so sold as aforesaid, and to all of it, on a day certain, to-wit, on the 7th day of February, 1859, in consideration of the said sum of twenty-four thousand four hundred and fifty-seven 10–100 dollars, with all interest thereon accrued, to defendant in hand paid by plaintiff, on and prior to the 24th day of January, 1859, as aforesaid. And plaintiff further says, that the defendant wholly failed and refused to make and execute to him titles

to the said twelve hundred and twenty-nine acres of land, on the said day certain, to-wit, on the 7th February, 1859. Plaintiff further avers, that said defendant did, on the 14th day of February, 1860, make and execute to him a deed for eleven hundred and forty acres of said land, in part performance of his said agreement, but wholly refused, neglected and failed to make titles and execute a deed for the whole number of acres, to-wit, twelve hundred and twenty-nine acres, which he had covenanted, promised, and agreed to do, as aforesaid; by reason of which breach of his agreement by the defendant, plaintiff has been greatly injured and damaged, and thereby an action has accrued to him to have and demand of the said defendant the sum of four thousand dollars, above demanded. Yet said defendant, though often requested so to do, has not yet made titles to the whole number of acres by him agreed and covenanted and promised to be made by him to plaintiff on the 7th day of February, 1859, but has wholly refused and neglected, and yet refuses and neglects, to make titles to plaintiff to eighty-nine acres of the twelve hundred and twenty-nine acres which he pledged himself to do as aforesaid; to the damage of said plaintiff four thousand dollars, and therefore he brings suit."

At the April term, 1866, the plaintiff amended his complaint, by leave of the court, by adding a count in the following words: "Plaintiff claims of defendant, also, other four thousand dollars, due to him by defendant on the 24th day of January, 1859, with interest from the 30th day of December, 1857, for that plaintiff, on the 29th day of December, 1856, purchased at the sale of the lands of the estate of Thomas Carter, deceased, at public outcry, on a credit of twelve months, according to the conditions of the sale, from the defendant, the administrator of said Thomas Carter, deceased, the lands belonging to said estate, for nineteen 90–100 dollars, consisting, as alleged by defendant, and as plaintiff supposed, of twelve hundred and twenty-nine acres; to secure the purchase-money of which said lands, plaintiff executed to defendant his certain promissory note, bearing date the 1st day of January, 1857, and payable to defendant on the 30th day of December, 1857, for

twenty-four thousand four hundred and fifty-seven 10–100 dollars. Plaintiff further avers, that on the 24th day of January, 1859, he paid to defendant the full amount, principal and interest, of said note; and that afterwards, to-wit, on the 14th day of February, 1860, defendant executed to him a deed for only eleven hundred and ninety acres of land, instead of twelve hundred and twenty-nine acres, being thirty-nine acres less than that sold by defendant to plaintiff, and for which defendant received payment as aforesaid; and the said defendant is indebted to the plaintiff in the sum of seven hundred and seventy-six 10–100 dollars, the price of the said thirty-nine acres of land, with interest thereon from the 30th December, 1857."

At the same term, the defendant demurred to the complaint, "in short by consent, 1st, for uncertainty; 2d, for misjoinder of counts." The court overruled the demurrer, and the defendant then pleaded "the general issue, in short by consent"; and issue was joined on that plea. "On the trial," at the same term, as the bill of exceptions states, "it was in evidence that the defendant, as the administrator of Thomas Carter, deceased, on the first day January, 1857, sold the real and personal property belonging to said estate, at public outcry, on the premises, on a credit of twelve months; that when the land was offered for sale, the administrator caused the auctioneer to state that the whole tract would be sold, (except one acre at the grave-yard,) containing twelve hundred and thirty acres, more or less, and that the land was sold at so much per acre; that the land was bid off by the plaintiff at that sale, at nineteen 90–100 dollars per acre; and that plaintiff, on the same day, executed his note for the purchase-money of said land, with Thomas K. and F. K. Beck as his sureties." The plaintiff's note for the purchase-money, which he read in evidence, specified on its face that it was given "for the plantation of Thomas Carter, deceased." The plaintiff, "for the purpose of proving that twelve hundred and thirty acres of land were sold to him, at nineteen 90–100 dollars per acre," offered in evidence a written memorandum, the first item in which was in these words: "1230 acres of land, $19.90"; and the other items were various articles of personal prop-

erty, with figures opposite to each; as, "two ovens, $3.00"; "one new gin, $100," &c.; the whole, exclusive of the land, amounting to one hundred and thirty-five dollars; and at the foot of said memorandum was a receipt, signed by the defendant, acknowledging payment of that amount by the plaintiff. The defendant objected to the admission of said memorandum as evidence for the purpose stated, "because the statement about the land was not in the defendant's handwriting"; and reserved an exception to the overruling of his objection.

The plaintiff then read in evidence, without objection on the part of the defendant, a receipt signed by the defendant, dated the 24th January, 1859, and a deed executed to him by the defendant, dated the 14th February, 1860. The receipt was in these words: "Received from Wm. K. Beck seven thousand seven hundred and twenty-seven 29-100 dollars, payment in full for twelve hundred and twenty-nine acres of land sold to him by me, as administrator of Thomas Carter, deceased, and known as the plantation of said Thomas Carter, being in full payment of balance due on note made by him to me as such administrator, dated January 1st, 1857, and payable December 30th, 1857, for purchase-money of said plantation; to which plantation, and the several tracts of land, I pledge myself to make titles, as such administrator, on the 7th February, 1859." The deed recited the sale under the order of the probate court; described the several tracts of land by the numbers of the section, township, and range, specifying the number of acres in each tract, and as "containing in all about twelve hundred and twenty-nine acres," though the aggregate number of acres specified as contained in the several tracts amounted to eleven hundred and ninety 94-100; recited that the "said land was struck off to Wm. K. Beck, for the sum of twenty-four thousand four hundred and fifty-seven 10-100 dollars," and conveyed to said Beck the title which the decedent had at the time of his death.

The plaintiff having here closed his evidence, the defendant offered to prove, by the records of the probate court, that he had made a final settlement of his administration on said Carter's estate before the commencement of

this suit, and had paid over to the distributees, under the order of the court, all the money which he had received from the plaintiff on account of the sale of said land; and he also offered to prove the fact of such payment, before the commencement of this suit, by verbal testimony. The court rejected this evidence, on motion, as irrelevant; and the defendant excepted to its exclusion. For the purpose of proving that the land conveyed by the deed "did in fact contain twelve hundred and twenty-nine acres," the defendant offered in evidence the "Alabama Tract Book," kept in the office of the probate judge by authority of law; which evidence the court excluded, as irrelevant, and the defendant excepted. The defendant then proved, "by the witness who wrote said deed, that it was written in the presence of the plaintiff and the defendant, and by their direction, and as they directed; and that the figures 1229 were inserted in said deed at the instance of said plaintiff, and with the consent and agreement of said defendant."

"The foregoing being all the evidence in the case, the court charged the jury—1st, that if the defendant sold to the plaintiff twelve hundred and twenty-nine acres of land, at nineteen dollars and ninety cents per acre, and took the plaintiff's note for the purchase-money, payable twelve months after date, and the plaintiff paid the full amount due on the note before the deed was executed to him by the defendant, and the defendant's deed conveyed to the plaintiff only eleven hundred and ninety acres of land,— then the plaintiff was entitled to recover from the defendant the value of thirty-nine acres of land at nineteen 90-100 dollars per acre, with interest thereon from the time said note became due; 2d, that the word '*about*' was not tantamount to the words '*more or less*' in a deed, and, if it were, it would qualify the number of acres only when the land was sold in gross, and not when it was sold at a certain sum per acre."

"The defendant excepted to each of these charges, and requested the court to instruct the jury —1st, that if they believed the evidence, the plaintiff was not entitled to recover; and, 2d, that if the plaintiff bought the land with the understanding that it contained twelve hundred and

twenty-nine acres, more or less, and bid off the land at nineteen 90-100 dollars per acre, then, on the evidence, the plaintiff was not entitled to recover. The court refused each of these charges, and the defendant excepted to their refusal."

The several rulings of the court on the pleadings and evidence, the charges given, and the refusal of the charges asked, are now assigned as error.

PETTUS & DAWSON, for appellant.—1. Assumpsit and covenant can not be joined.—*Copeland v. Flowers*, 21 Ala. 472 ; *Harris v. Hillman*, 26 Ala. 380. Therefore, the demurrer for misjoinder should have been sustained.

2. The sale was a public sale by an administrator, under an order of the court; the whole plantation was sold in a body; there was no covenant or contract as to any particular number of acres; and neither the deed nor the receipt contains any covenant as to quantity.—*Grantland v. Wright*, 2 Munf. 179 ; *Phipps v. Tarpley*, 24 Miss. 597 ; *Frederick v. Youngblood*, 19 Ala. 680 ; *Wright v. Wright*, 34 Ala. 194 ; *Joliff v. Hite*, 1 Call, 301 ; *Cutts v. King*, 5 Greenl. 482.

3. The executory contract, whatever it was, was merged in the deed which the plantiff accepted.—*Howes v. Barker*, 3 John. 506 ; *Houghtaling v. Lewis*, 10 Johns. 306 ; 1 Watts & Serg. 442 ; *Frederick v. Youngblood*, 19 Ala. 680.

4. If there was a covenant, there was no proof that it had been broken. The deed, which is the only evidence on the point, describes the land as "containing in all about twelve hundred and twenty-nine acres"—the exact amount which the plaintiff claimed.

5. The defendant should have been allowed to prove that he had made a final settlement of his administration, and had paid over to the distributees all the money which he had received.—*Burnett v. Town Council of Cahaba*, 34 Ala. 400 ; *Crutchfield v. Wood*, 16 Ala. 702.

S. J. CUMMING, *contra.*—1. Under the liberal system of pleading allowed by our statutes, there was no misjoinder of counts.—Code, § 2235 ; Session Acts, 1859–60, p. 16. If

38

any one count showed a good cause of action, the demurrer ought to have been overruled.

2. The whole evidence in the case shows that there was an agreement and stipulation for the sale of twelve hundred and twenty-nine acres; that the plaintiff bought and paid for that number of acres, and that the deed only conveyed to him eleven hundred and ninety acres. As to the construction and effect of the words used, the appellee relies on the following cases: *Minge v. Smith*, 1 Ala. 415; *Frederick v. Youngblood*, 19 Ala. 680; *Wright v. Wright*, 34 Ala. 194; *Cutts v. King*, 5 Greenl. 482.

3. As the defendant was sued individually, and not in his representative capacity, the settlement of his administration had no connection with the case.

4. The book of public lands, though required by law to be kept in the office of the probate judge, is mere secondary evidence of the facts stated in it; and it was properly excluded for that reason.

A. J. WALKER, C. J.—The acceptance of the defendant's deed by the plaintiff, was a complete execution of the antecedent agreement to convey, and annulled it; and no action at law can be sustained upon it.—*Howes v. Barker*, 3 Johns. 506; *Houghtaling v. Lewis*, 10 Johns. 297; *Cronister v. Cronister*, 1 Watts & Ser. 442; *Falconer v. Garrison*, 1 McCord, 209; *Frederick v. Youngblood*, 19 Ala. 680.

The decision in *Johnson v. Collins*, (20 Ala. 435,) is not opposed to this doctrine. There the obligation was that two persons should convey; one of them only conveyed, and it was held, that a conveyance by one was not, *prima facie*, a discharge of the obligation, but that whether it was such a discharge depended upon the question of its acceptance in satisfaction of the obligation to convey, which was determinable by the evidence. This decision obviously has no application to a case like this, where the deed is made by the sole party who stipulated to make it. Besides, in this case, it is apparent from the face of the deed, that it was made in fulfillment and performance of the defendant's obligation to convey, resulting from the plaintiff's purchase.

[2–3.] From what we have said, it results, that no action

could be maintained upon the antecedent agreement. Nor could the action of assumpsit, in a common money count, lie to recover back the excess of money paid, for parol evidence is not admissible to contradict the deed.—See the authorities *supra*. The quantity of land is stated in the deed by way of description, and is not a matter of covenant, and the deed shows a sale in gross for a plantation of the specified description.— *Wright v. Wright*, 34 Ala. 194 ; *Frederick v. Youngblood*, 19 Ala. 680 ; *Dozier v. Duffie*, 1 Ala. 320 ; *Minge v. Smith*, 1 Ala. 415 ; *Jackson v. McConnell*, 19 Wend, 175 ; *Root v. Puff*, 3 Barb. 353.

The court erred in refusing to charge the jury, that if they believed the evidence, they must find for the defendant. If there is a mistake in the deed, the remedy is in chancery, and not at law.

[4.] The counts of the complaint, as we understand them, are all in assumpsit, and there is no misjoinder of counts.

Reversed and remanded.