# Rogers *v.* Peebles.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Parol evidence varying or explaining deed.*—As between vendor and purchaser, in the absence of fraud or mistake, the deed executed and accepted must be regarded as the sole memorial and expositor of the terms of the contract between them, and parol evidence can not be received to vary, contradict, or explain it.

2. *Construction of deed, as to quantity of land conveyed.*—Where the lands conveyed by a deed are described by their subdivisions and numbers in the United States surveys, including fractional parts of several sections, with the words added, "making in all five hundred and twenty-seven acres," followed by a designation of the boundary lines on each side, as indicated by the adjacent lands and the river, and the price paid is a gross sum; the words specifying the quantity are mere matter of description, and not a covenant warranting the quantity.

3. *Husband's agreement, not binding wife or her property.*—The lands of the wife having been sold and conveyed by the joint deed of husband and wife, not containing any covenant or warranty as to quantity, a writing signed by the husband alone, more than a year afterwards, not founded on any new consideration, and agreeing to a re-survey of the lands with a view to the correction of any mistake as to quantity, can not impose any liability on the wife, or prejudice her rights in any way.

APPEAL from the Chancery Court of Limestone.
Heard before the Hon. THOMAS COBBS.

CABANISS & WARD, for the appellants.

MCCLELLAN & MCCLELLAN, *contra*.

SOMERVILLE, J.—The bill is one for the enforcement of a vendor's lien. The defense set up by the purchaser is, that there is a deficiency in the quantity of land sold him, amount-

34

[Rogers v. Peebles.]

ing to about eighty-seven acres, for which he is entitled to compensation by way of an abatement of the purchase-money.

The defendant does not seek to reform the deed from the vendors, on the ground of mistake; nor is there any effort to rescind the sale on the ground of a false representation, or fraudulent concealment. In the absence, therefore, of any allegation of fraud or mistake in the execution of the deed, or of any subsequent modification of its terms, the instrument itself must be the sole memorial and expositor of the contract between the parties, and parol evidence is inadmissible to vary,. contradict or explain it.—*Frederick v. Youngblood*, 19 Ala. 680; *Williams v. Hathaway*, 19 Pick. 387; *Winston v. Browning*, 61 Ala. 80.

The principal question raised for our consideration, then, becomes that involving the construction of the deed of Tucker and wife to Rogers, the defendant, bearing date in January, 1871. Does this deed import a warranty as to the *number of acres* described as being embraced in the tract of land conveyed to the vendee? The land is described by its subdivisions in the government survey, including fractional parts of three several sections, and is further and fully described by *its metes and bounds*, the Tennessee river being stated to be its southern boundary line. After the description by numbers is added the words, "*making in all five hundred and twenty-seven acres*," followed by the boundary lines indicated by adjacent lands and the river, as above stated.

We are of opinion that the clause designating the number of acres was intended by the parties as a part of the description of the land, and that it can not be construed to be a covenant as to quantity. In deeds where the phrase "be the same *more or less*," or words of like import are used, there is little or no difficulty. Such words are generally inserted for the purpose of making more manifest an intention to describe, and not to warrant.—*Carter v. Beck*, 40 Ala. 599; *Frederick v. Youngblood*, 19 Ala. 680, *supra*. It is true that there are no words importing such a signification in the present deed, but they are not considered essential. In *Wright v. Wright*, 34 Ala. 194, the description of the land sold was partly by its numbers in the government survey, and partly by metes and bounds, followed by the words "containing seven hundred and two acres, and the same being the settlement of lands at present occupied by said J. H.," the vendor. The sale there, as here, was made in gross, and not by the acre. It was held that the words were merely descriptive, and that they did not amount to a covenant of warranty as to quantity. The case was distinguished from *Minge v. Smith*, 1 Ala. 415, where the doctrine of warranty as

[Rogers v. Peebles.]

to quantity in such cases seems to have been carried to a point beyond which we deem it unwise to further extend it.

We take the true principle to be, that where the land sold is described by definite boundaries, in regard to which there can be no mistake, if it be followed by a statement of the number of acres, as " *containing* —— number of acres," or other phrase of like import, it is to be deemed a mere matter of description, and not as a covenant warranting the quantity intended to be conveyed. The buyer, in such cases, takes the risk of quantity, in the absence of any element of fraud. The same is true where the description is followed by words of qualification, as "more or less," or " by estimation," or the like. Whether a description by the government survey, giving sections, with subdivisions, and township and range, would answer the same purpose, we need not decide. But it is well settled that a description by metes and bounds comes within the rule.—4 Kent. Com. 467; *Pickman v. Trinity Church*, 122 Mass. 1 ; *Winston v. Browning*, 61 Ala. 80 ; *Powell v. Clark*, 5 Mass. 355.

The conclusion we have reached can not be affected by the agreement of February 7th, 1872, set out in the defendant, Roger's deposition, and purporting to have been executed by Tucker in the name of his wife, agreeing to have the land surveyed, so as to correct any mistake in the estimate of quantity as made in the deed. The land sold was the property of the wife and not of the husband, being her statutory separate estate. It could be sold and conveyed only by an instrument in writing, executed jointly by husband and wife, and either attested by two witnesses, or else acknowledged before some officer authorized to take acknowledgments of conveyances.—Code, 1876, §§ 2707, 2708. The rights of the wife could not be prejudiced by an agreement of the husband, even though executed in her name, which bears date more than a year after the original contract of sale, does not purport to be the joint act of the grantors, is without witnesses or acknowledgement, and is not proved to be based on any new consideration.

The decree of the chancellor should, in our judgment, be affirmed.