FRANK J. BOCK and EDWARD H. WRIGHT, receivers of the New Jersey Refrigerating Company, complainants-respondents,

*v.*

JOHN KOCH, defendant-appellant.

[Submitted October 31st, 1925. Decided February 1st, 1926.]

1. A purchaser of real property is chargeable with notice of such facts affecting the title as may be ascertained by reference to the chain of title of such property as spread forth upon the public records.

2. In New Jersey, where titles to real estate are of record, it is the duty of a purchaser, in the absence of any special agreement, to search the public records for himself, and to make a complete examination of such records for such information as they may contain regarding the validity of the title of the real estate he would purchase; and in a suit against the purchaser for specific performance of his contract for the purchase of real estate, the fact that the premises had become dilapidated and diminished in value by the time the answer was filed and during the period in which the purchaser was refusing or neglecting to perform and the vendor was endeavoring to satisfy the purchaser's misgivings as to the title, cannot excuse the purchaser from specific performance, when it appears that a complete search of the public records, which he had ample time to make before the time fixed for closing title, but did not make until about the time his answer was filed, would have disclosed a perfect title at all times.

On appeal from an order of the court of chancery advised by Vice-Chancellor Church.

*Messrs. Sullivan & Meehan (Mr. Thomas F. Meehan,* of counsel), for the appellant.

*Mr. J. Henry Harrison,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order that the answer be stricken out and that complainants' bill be taken as confessed and their proofs taken *ex parte*.

The bill was filed by the receivers of the New Jersey Refrigerating Company to compel the defendant, John Koch, to specifically perform a contract which the bill avers he entered into in writing on June 13th, 1924, for the purchase of certain real estate in the city of Jersey City. The bill further avers that the sale was reported by the receivers to the court of chancery and the same was confirmed by an order dated June 24th, 1924; that the contract provided that the purchase price was to be $26,000, that $750 was paid on execution of the agreement, $7,250 was to be paid on delivery of the deed, and $18,000 was to be in the form of a bond of the purchaser secured by a mortgage; that the deed was to be one of bargain and sale, conveying the premises free from all encumbrances; that the date fixed for closing was August 1st, 1924 (later postponed to October 17th, 1924, apparently by mutual consent); that on October 17th, 1924, the complainants tendered the deed to defendant, and requested the execution of the bond and mortgage and the payment of the balance of the purchase-money, all of which the defendant refused.

The answer admits, in effect, as we think, the essential allegations of the bill, among others, the execution of the contract, and the tender of "a deed to said premises drawn in accordance with the terms of said agreement, and that complainants presented to the defendant a bond and mortgage drawn in accordance with said agreement, and requested this defendant to execute them, and also requested the defendant to pay the balance in cash due to the complainants," and that the defendant "neglected and refused to pay over the balance of cash due in accordance with said agreement, and to execute and deliver to the complainants the bond and mortgage for a part of the purchase price for said premises as provided for in said agreement." But the answer further avers, in effect, that after the defendant

signed the contract he hired a title searcher to search the title, who advised him to refuse to take it, reporting to him that the property was encumbered by ground rent, and that Joseph D. Gallagher and Harry E. Richards had title to or. an interest in the property through a deed and mortgage both executed by Jeremiah Lorenzo Haley and Mary Lavinia Haley, and that these constituted a cloud upon the title. However, the answer does not aver that, in fact, the title was unmarketable at any time, but, on the contrary, admits, in effect, that a subsequent and complete examination of the public records disclosed that such alleged defects did not exist in point of fact; that the alleged ground rent encumbrance was found to have been released in the year 1827; that Jeremiah Lorenzo Haley and Mary Lavinia Haley never had any title to or interest in the property, and that, consequently, nothing passed to Gallagher and Richards by such deed and mortgage, for the reasons given in *Haley* v. *Goodheart, 58 N. J. Eq. 368; affirmed, 72 N. J. Eq. 953,* a suit brought in 1899 to settle that question, and which did settle it finally by the affirmance of the decree by this court. The answer, in effect, admits that the alleged defects were thus explained, and could have been explained at any time by a diligent and complete examination of the public records. This, therefore, is not a case where specific performance may be refused because of alleged defects in the vendor's title in the absence of full statement and proofs of the title as in *Cornell* v. *Andrus, 36 N. J. Eq. 321,* nor where the title depends for its validity upon information which is not fully presented to the court, as in *Paulmier* v. *Howland, 49 N. J. Eq. 364.* In the present case it appears that the court below, when it made the order complained of, had before it a proper bill for specific performance to which an answer had been filed, which failed to set up any defects in the title of the lands in question, or any basis upon which the marketability of the title could be questioned.

But the answer further avers, in effect (and this is the defense upon which the defendant really relies), that by

the time the answer was filed (January 31st, 1925), and during the period in which the defendant was refusing or neglecting to perform, and the complainants were endeavoring to satisfy his misgivings as to the title, the premises had become dilapidated and diminished in value, and that, therefore, he should not be required to specifically perform his contract.

We think that contention is unsound.

A purchaser of real property is chargeable with notice of such facts affecting the title as may be ascertained by reference to the chain of title of such property as spread forth upon the public records. *Mitchell* v. *D'Olier, 68 N. J. Law 375; Den* v. *McKnight, 11 N. J. Law 385, 393.*

In a jurisdiction such as this, where titles to real estate are of record, it is the duty of a purchaser, in the absence of any special agreement, to search the public records for himself, and to make a complete examination of such records for such information as they may contain regarding the validity of the title of the real estate he would purchase. *Espy* v. *Anderson, 14 Pa. St. 308; Carr* v. *Roach (N. Y.), 2 Duer 20; Symns* v. *Cutter, 9 Kans. App. 210; Easton* v. *Montgomery, 90 Cal. 307; Bolton* v. *Branch, 22 Ark. 435;* see, also, *Thomp. Tit. Real Prop. 29,* and *Warv. Abs. (4th ed.) 11.* That this defendant-purchaser, in effect, admits he delayed doing until about the time he filed his answer. And we think that the fact that the premises contracted for had become dilapidated and diminished in value by the time the answer was filed and during the period in which the defendant was refusing or neglecting to perform and the vendor was endeavoring to satisfy his misgivings as to the title, cannot excuse the defendant from specific performance, when, as here, it appears that a complete search of the public records, which he had ample time to make before the time fixed for closing title, but did not make until about the time his answer was filed, would have disclosed a perfect title at all times.

The order of the court below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.