## MINGE v. SMITH.

1. The vendor of several parcels of land executed a bond, conditioned to make title to the vendee: in the condition the land is described by division and subdivision, according to the Government surveys, after which there was the following clause, viz: The whole of the within described lands, contain in all twelve hundred and sixty-eight and seventy-one hundredths acres"—Held, that these words cannot be regarded as descriptive of the land, but that they constitute a covenant as to quantity.

2. Where a sale of lands is made according to the Government surveys, and these are taken as the standard of quantity, both the seller and the purchaser must stand by their bargain, and neither can be allowed to claim for loss or gain.

3. If a contract for the sale of lands is tainted with fraud, as if either party has misrepresented, or made a fraudulent concealment as to quantity, the law will afford redress to the party aggrieved.

THE defendant in error brought an action of debt against the plaintiff, in the Circuit Court of Marengo, on a bill single, dated the 4th June, 1835, for the payment of twelve thousand three hundred and five dollars, on the first day of January, one thousand eight hundred and thirty-eight. Five several pleas were interposed in the Circuit Court, which need not be particularly noticed, as both the questions brought to the view of this Court,

arise upon the demurrer to the third plea. In the demurrer, a bond of the following tenor, is set out on oyer:

"State of Alabama, Marengo County: Know all men by these presents, that I, Morgan Smith, of the county of Marengo and State of Alabama, am held and firmly bound in the penal sum of one hundred thousand dollars, of lawful money of the United States, to make and convey to George W. H. Minge, of the county of Charles City, and State of Virginia, and to his heirs, executors and assigns, a warranty deed in fee simple, to the following described lands, *to wit:* The south-east quarter of section nineteen, township seventeen, range five, containing one hundred and sixty acres." Then follows a description of other tracts of land, described according to subdivision, division, &c. and the most of them stated to contain a specific number of acres, and after describing the several tracts, the obligation proceeds as follows: "The whole of the within described lands contain in all, twelve hundred and sixty-eight and seventy-one hundredths acres. The condition of the above obligation between the parties is as follows: If the said Morgan Smith will make the deeds, as here obligated, the said George W. H. Minge is to pay before such deeds are made, three promissory notes; the first one, for eighteen thousand dollars, due and payable on the first day of January, eighteen hundred and thirty six, at which time possession of the herein described lands is to be given to the said George W. H. Minge, allowing the said Morgan Smith the privilege of gathering his present growing crop. The said Smith binding himself to use every exertion in gathering his present crop. And the second note, for twelve thousand three hundred and five dollars, due and payable on the first day of January, eighteen hundred and thirty-seven: and the thrid note, for twelve thousand three hundred and five dollars, due and payable on the first day of January, eighteen hundred and thirty-eight, of good and lawful money of the United States, payable to the said Morgan Smith or order, then the above obligation is to be null and void," &c. signed by "Morgan Smith," and dated the ——— day of June, 1835.

In the plea, it is alleged, that the land the subject of the sale, was estimated and agreed by the plaintiff below, to contain twelve hundred and sixty-eight, seventy-one hundredths acres; whereas, according to a survey and admeasurement thereof, it contained but eleven hundred and eighty-nine hundredths acres. It is further alleged, that the aggregate value placed upon the land, in the undestanding of the parties, was at the rate of thirty-three dollars, sixty-six — cents, per acre. The note now sued on, is alleged to be the third note described in the obligation, and from it, the defendant below claims a deduction to the extent of the difference in value, between the number of acres agreed to be sold and conveyed, and the number, the tracts were ascertained upon admeasurement, to contain.

The Circuit Court determined, that the defendant below, could not avail himself of the partial failure or want of consideraiion on which he relied; and he has prosecuted a writ of error to this Court, and presented that question for revision.

THORNTON, for the plaintiff.
MURPHY, for the defendant.

COLLIER, C. J.—There is not entire harmony in the decisions touching the right of the purchaser of lands, to be compensated for a defect in the quantity of the estate, and in considering the question, we derire to be understood as expressing no opinion beyond what the facts of the present case require. The inquiry to be made is, do these words, viz: "The whole of the within described lands, contain in all, twelve hundred and sixty-eight and seventy-one hundredths acres," amount to a stipulation on the part of the defendant in error, that the land, the consideration of the note sued on, contains that precise quantity.

No particular form of words is necessary to constitute a covenant: any words will be effectual, which show that the parties to a deed, have concurred and assented to the performance or forbearance of a future act, or which show that the vendor has stipulated as to the quantity or quality of property sold by him: Marshall v. Craig, (1 Bibb's Rep. 379;) and in Bond v. Jackson,

53

(3 Hayw. Rep. 189,) it was held, that although a deed describe lands by metes and bounds, yet if it add that it *contain a precise number of acres*, the words added amount to a stipulation, that there is that quantity; and any deficiency shall be compensated by a deduction from the purchase money. But in Powell v. Clark, (5 Mass. Rep. 355) it was ruled that where a deed conveyed land limited by certain monuments, lines and courses, with a clause as follows: "containing —— acres, and —— rods of ground," the words expressing the quantity do not amount to a covenant, that the land contains that quantity, but are merely descriptive of the land. We have not had access to the volume in which Bond v. Jackson is reported, and from the brief note which we have of the case, it is difficlut to discover wherein the essential facts differ from those stated in Powell v. Clark. We apprehend, however, the difference will on examinotion be found to be this: in the former case, the affirmation as to the number of acres is made after the description of the land was completed, while in the latter, it is a mere continuation of the *descriptio terræ.* Now in the case at bar, each parcel of the land is described according to the Government surveys, by the half quarter section, &c. and the most of them, by the number of acres it contains; and after all this, in a sentence entirely distinct is the clause which is said amount to a stipulation, that the land sold contains *twelve hundred and sixty-eight, seventy-one hundredthe acres.*

In the construction of deeds, it is the duty of the court to give effect to every sentence and word, if it be practicable. The land, we have seen, was very fully described before the introduction of the clause we are examining, so that it cannot be held to be descriptive. We then, can assign to it no other office, than to determine that it is a covenant as to quantity; and being so, the plaintiff is entitled to be compensated, if it has been ascertained by admeasurement, that there is a deficiency.

It has been intimated that the case of Dozier v. Duffee [*at the last term*] is an authority adverse to the opinion we have expressed. That case as understood by us, is entirely unlike the

present.   In that case the vendor executed his bond, conditioned to make good and sufficient titles to several tracts of land, as soon as the vendee should pay the purchase money.   The land was described in the condition, according to the government surveys, adding immediately after and in the same sentence, with each particular parcel " containing" a certain number of " acres more or less."   Here we discover was a purchase according to the surveys known to the law, while, what is said in regard to quantity is mere matter of description, not intended to be punctiliously accurate as indicated by the employment of the terms ",more or less."

In Fleet v. Hawkin, 6 Mumf. Rep. 188, it was decided that though the purchaser of a tract of land, agree to pay so much *per acre*, yet if he also agree to take it by the patent or survey already made, as fixing the number of acres in the tract, he thereby takes upon himself the risk as to the quantity, and is not entitled to compensation for any deficiency, nor chargeable for an excess.   To the same effect are Bond v. Quattlebaum, 1 McC. Rep. 584; Hoffman v. Johnson, 1 Bland's Rep. 109; Quesnel v. Woodliff, 2 Hen. & Mumf. Rep. 173—4; Pringle v. Samuel, 1 Litt. Rep. 44.   So in Brown v. Parish, 2 Dana's Rep. 9.—it was determined that where a party, for a sum certain, sells a tract of land without stating or stipulating for the quantity; though it contain twice as much as the vendor suppose, he must abide the consequence of his inadvertency, and cannot claim of the purchaser, payment for the excess.   And thought he authorities as to the meaning of the words " more or less," when used in a bond for title, or in a deed of conveyance, in reference to quantity, are somewhat contradictory, yet they have some times been holden to mean that the parties are to run the risk as to gain or loss, according as there may be an excess, or a deficiency in the estimated quantity.   (Yonng v. Craig, 2 Bibb's Rep. 270; McCown v. Delany, 3 Bibb's Rep. 46.)

The authorities cited, clearly show the correctness of the decision in Dozier v. Duffee, and the want of analogy between that case and the present.   The fact that our lands in this country,

are surveyed and sold in virtue of the laws of Congress, requires that where sales are made according to the government survey's, and these are taken as the standard of quantity, both the seller and the purchaser should be required to stand by their bargain, without allowing a claim by either party for loss or gain.　Where however, the contract contains terms indicating an intention to stipulate for quantity, the law will give effect to it, and hold the parties liable to each other, according to their respective agreements.　So if the contract is tainted with fraud, as if either has misrepresented, or made a fraudulent concealment as to quantity, the law will afford redress to the party aggrieved,　[See Pringle v. Witten, 1 Bay's Rep. 256; Gray v. Handkinson, Ibid. 276; Glover v. Smith, 1 Def. Rep. 433, Cannon v. Mitchell, 2 Def. Rep. 320; Tunno v. Flood, 1 McC. Rep. 122; Carter v. Campbell, Gilmer's Rep. 159; Furman v. Elmore, 2 Nott & McC. Rep. 189; Peay v. Briggs, Ibid. 184; Smith v. Ware, 13 Johns. Rep. 257.] and the American edition of *Sugden* on *vendors* with the cases cited in the notes page 230, *et post.* where the law in relation to the questions considered, may be found.

Without attempting to add anything farther; our conclusion is, that the judgment of the circuit court must be reversed and the case remanded.