# WRIGHT vs. WRIGHT.

[BILL IN EQUITY BY PURCHASER FOR ABATEMENT OF PRICE.]

1. *When purchaser is entitled to abatement of price on account of deficiency in quantity of land.*—When the statements of the deed, as to the quantity of land conveyed, are mere matter of description, and there was no fraud on the part of the vendor, he is not bound to make good the deficiency, particularly if the sale was made in gross; and the purchaser, in such case, cannot claim an abatement of the purchase-money on account of the deficiency.
2. *Construction of deed as to clause containing statement of quantity.*—Where a deed, after describing the land conveyed partly by its numbers in the government surveys, and partly by metes and bounds, then added the words, " containing seven hundred and two acres, and the same being the settlement of lands at present occupied by said J. H.," the vendor,—*held*, that these words were merely descriptive, and did not amount to a covenant as to quantity.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Mrs. Mary S. Wright and her husband, Joseph J. Wright, against John Wright. Its object was, to obtain an abatement of the purchase-money due from the complainants to the defendant, on an outstanding note which was given for a part of the price of a tract of land sold by the defendant to Mrs. Mary Wright. This relief was prayed on two grounds: 1st, that the defendant fraudulently misrepresented the southern boundary-line of the tract; and, 2d, that the land actually conveyed was deficient in quantity as compared

with the recitals of the deed. The contract was made on the 23d December, 1854. The price agreed to be paid was $7,500, in gross. The recitals of the deed, as to the description of the land and its quantity, were as follows : " The south half of the north half of section 34 ; the north-east quarter of section 34 ; the south half of the south-east quarter of section 27, divided east and west ; also, that part of section 26 bounded as follows : commencing at the south-west corner of said section, and running east on said line one-half mile, thence north to the Chewacla creek, to the line dividing sections 26 and 27, thence down said creek to the mouth of a large ditch, which is the line between the lands formerly owned by G. D. Smith and Edward Williams—the said lands all lying and being in township 17, range 24, and the same containing three hundred and eighty-two acres. Also the following : the north half of the north-west quarter of section 34 ; the east half of the west half of section 27, in township 17, range 24 ; and eight acres in the same township and range, adjoining the above, and described as follows : commencing at the. north half-mile stake of section 27, running thence due south on the dividing line of said section, dividing it into east and west halves, three-fourths of the distance of said section, thence east to a certain ditch a little over a quarter of a mile from the dividing line, thence in a direction east of north, down the said ditch, to the Euphaupha creek, and thence along down said creek to the north line of said section—this, together with that first described, containing seven hundred and two acres, and the same being the settlement of lands at present occupied by said John Wright." The defendant answered, denying the charges of fraud and misrepresentation. There was no proof of fraud, but it was shown that the tract of land contained about twenty acres less than the amount stated in the deed.

On final hearing, on pleadings and proof, the chancellor held, that the statements of the deed, as to the quantity of land conveyed, were mere matter of description, and did not constitute a covenant or guaranty of quantity ; citing to that point the following authorities : Powell v.

Clark, 5 Mass. 355; Stebbins v. Eddy, 4 Mason, 414; Butterfield v. Cooper, 6 Cowen, 481; Allison v. Allison, 1 Yerger, 161; and Meek v. Bowden, 5 Yerger, 467. He therefore refused to give any relief to the complainants on account of the deficiency in the quantity of land; and his decree on that point is here assigned as error.

GEO. W. GUNN, for the appellants, cited the following cases: Minge v. Smith, 1 Ala. 415; Bond v. Jackson, 3 Hayw. 189; Marshall v. Craig, 1 Bibb, 379; Hallett v. Wylie, 3 Johns. 44; Jackson v. Swart, 20 Johns. 85; Winslow v. Patten, 34 Maine, 25; Terrell v. Kirksey, 14 Ala. 209; Quesnell v. Woodliff, 6 Call. 218.

WILLIAMS & GRAHAM, contra, relied on the cases cited by the chancellor, with the following additional authorities: Dozier v. Duffee, 1 Ala. 320; Terrell v. Kirksey, 14 Ala. 209; 3 Paige, 94; 9 Paige, 168; Hilliard on Vendors, 309–11; Rawle on Covenants, 625, 650–90.

STONE, J.—While we are indisposed to unsettle the principles declared in Minge v. Smith, 1 Ala. 415, we acknowledge that, in our opinion, those principles should not be extended.—See Large v. Penn, 6 Serg. & R. 488; Allison v. Allison, 1 Yerg. 16; Snow v. Chapman, 1 Root, 528; Rawle on Cov. 520; Butterfield v. Cooper, 6 Cowen, 481; Keyton v. Branford, 5 Leigh, 39; Foley v. McKeown, 4 Leigh, 627; Harrison v. Talbot, 6 Dana, 258. See, also, the labored and learned collection of authorities in the opinion of the chancellor.

The assignments of error in this case question the correctness of the chancellor's construction of the clause in the deed relating to quantity. All the authorities agree, that if the statement of quantity be matter of description, the vendor, in the absence of fraud, is not bound to make good the deficiency, and the vendee is not required to surrender any excess. In sales made in gross, this rule is of more general application, than when the sale is made *per acre.*

In the case of Minge v. Smith, *supra,* this court attached

importance to the fact, that after each parcel of the land had been described according to the government surveys, the bond, *in a sentence entirely distinct*, contained the clause of quantity, in these words: "The whole of the within described lands contain in all twelve hundred and eighty-eight and seventy-one hundredths acres." The court, in another place, added, "The land, we have seen, was very fully described before the introduction of the clause we are examining, so that it cannot be held to be descriptive."

The clause in the present deed is entirely different. After describing the lands by numbers, and by metes and bounds, it proceeds: "This, together with that first described, containing seven hundred and two acres, and the same being the settlement of lands at present occupied by the said John Wright." Now, although the words which precede the statement of quantity may have furnished an accurate and complete description, still the parties did not rest on this. In continuation of the clause as to quantity, and as part of the same sentence, they superadded the clause, purely descriptive, that the same were *the settlement of lands at present occupied by the said John Wright*. We think this case distinguishable from Minge v. Smith.

If the lands conveyed had contained more than seven hundred and two acres, we apprehend no one would contend, that the vendor could claim payment for the excess; yet his claim in the supposed case would be equally meritorious with that which is set up in the present suit.

The decree of the chancellor, so far as the same is presented by the assignments of error, is affirmed.