[Hess v. Cheney.]

| 88 | 251 |
| 185 | 352 |

# Hess *v.* Cheney.

*Action on Note given for Purchase-Money of Land.*

1. *Conveyance construed, as to words descriptive of quantity of land.*
In a conveyance of a tract of land situated on a public river, described as beginning at a designated point on the bank of the river, thence up the river with its meanderings, and thence bounded by designated courses, distances, and the public road, "*and containing by survey 250 acres in said tract,*" these words are descriptive merely, and not a warranty of quantity; and although the deed conveys also another tract of land on the adjacent mountain, "the exact number of acres being unknown, but containing by estimation 120 acres, be the same more or less," this difference of phraseology does not show that a warranty was intended as to the quantity contained in the former tract.

2. *Parol evidence varying deed.*—In construing a conveyance of land, to determine whether the words used are a warranty of quantity or descriptive merely, parol evidence can not be received to vary, contradict or explain the instrument, there being no allegation or proof of fraud or mistake.

3. *Boundary of land on public river.*—A conveyance of a tract of land, one side of which is bounded by a public navigable river, passes to the grantee all the land between high-water mark and the ordinary stage of the water; and in determining the quantity contained, a survey extending only to the top of the bank is not admissible, without connecting evidence as to the quantity embraced between the top of the bank and the ordinary stage of water.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Amanda E. Cheney against James A. Hess, and was founded on the defendant's promissory note for $1,500, which was dated November 2d, 1882, payable to the plaintiff, or order, on the 25th December, 1883, and recited on its face that it was given "in part payment for a tract of land purchased from her this day, situated on the south side of the Tennessee river, in Jackson county, Alabama, and fully described in her deed for said lands dated this day, containing 375 acres, more or less." The defendant pleaded want of consideration, failure of consideration, and recoupment, claiming an abatement of the balance due on the note, on account of an alleged deficiency in the quantity of land sold and conveyed; and issue was joined on these several pleas.

On the trial, as appears from the bill of exceptions, the plaintiff having read in evidence the note sued on, the de-

fendant then offered in evidence the plaintiff's deed for the land, and it was admitted against the plaintiff's objection. The lands conveyed by the deed were thus described: "The following lands, lying and being in Jackson county, Alabama, and described, to-wit: Beginning on the south bank of the Tennessee river, at the north-west corner of the lands of S. E. Rudder, heretofore sold and conveyed to her by the grantors herein; thence up said river, with its meanderings, to the south-west corner of a tract of land heretofore sold and conveyed by the grantors herein to the grantee herein; . . . thence in a southerly direction, with the fence, along the public road, to the north-east corner of said S. E. Rudder's said lands; thence in a northwesterly direction, along said Rudder's line, to the place of beginning on the bank of said river; and containing by survey two hundred and fifty (250) acres in said tract, all lying in section two (2), . . except a small fraction of the north-west corner of said tract. . . Also, all that portion of said section two (2), . . which lies east of said two hundred and fifty (250) acres, and between said last-named tract and the top of the mountain, classed and conveyed as mountain land, the exact number of acres being unknown; . . . all of said mountain lands containing by estimation one hundred and twenty (120) acres, be the same more or less. It is the intention of the grantors herein to convey to the grantee herein all of the mountain lands owned by them at the date of this conveyance, lying adjacent to said two hundred and fifty acre tract above described; and they do not undertake to convey any specific number of acres of said mountain land. The consideration of this conveyance is the sum of $8,500, paid and to be paid as follows," &c.

The defendant testified, as a witness for himself, that the tract of land on the river only contained 226 or 227 acres, as shown by a survey made by himself and J. W. Duckett, the county surveyor, of which notice was given to plaintiff's agent; and that he was to pay, by the terms of the contract, $1,000 for the mountain land, "and at the rate of $30 per acre for the land on the river;" and the court admitted this evidence, against the objection of the plaintiff. Said Duckett, the county surveyor, testified as a witness for the defendant, "that he had surveyed the river lands mentioned in the deed, and they only contained 226.47 acres; that he did not survey to low-water mark, but only to the top of the bank; and he introduced, and explained to the jury, the map and

[Hess v. Cheney.]

plat which he had made of said survey. On objection and motion by the plaintiff, the court excluded from the jury all the evidence as to said survey; to which ruling the defendant excepted." The plaintiff took the deposition of her own husband, who had joined with her in the conveyance to the defendant, and who testified, in substance, that the defendant was present, a short time before the contract of sale was consummated, at a survey of said river lands made by one Foster, by which it was ascertained that the tract contained 300 acres, of which 50 acres was then sold and conveyed to S. E. Rudder; and that the defendant agreed, in the subsequent negotiations between them, "that he would buy it by that survey." This being all the evidence, the court charged the jury, on request, "that they must find for the plaintiff, if they believed the evidence, and assess his damages at the balance due on the note, with interest." The defendant excepted to this charge, and he here assigns it as error, together with the exclusion of the evidence offered by him.

D. W. SPEAKE, and L. C. COULSON, for appellant, cited *Minge v. Smith*, 1 Ala. 416; *Bridges v. McClendon*, 56 Ala. 327.

W. L. MARTIN, *contra*, cited *Dozier v. Duffee*, 1 Ala. 320; *Capshaw v. Fennell*, 12 Ala. 780; *Terrell v. Kirksey*, 14 Ala. 209; *Frederick v. Youngblood*, 19 Ala. 680; *Wright v. Wright*, 34 Ala. 194; *Winston v. Browning*, 61 Ala. 80; *Rogers v. Peebles*, 72 Ala. 529; *Williams v. Glover*, 66 Ala. 189; 2 Brick. Digest, 513, § 102.

CLOPTON, J.—In *Minge v. Smith*, 1 Ala. 415, the bond for titles, after describing the lands by divisions and subdivisions according to the government survey, contained the following clause: "The whole of the within described lands contain, in all, twelve hundred and sixty-eight and seventy-one one-hundredths acres." It was held that this clause, being in a sentence entirely distinct from the description of the lands, was not descriptive, and, in order that it might have some office, that it was a covenant as to quantity. The general rule was recognized, that when there is a sale of lands according to the government survey, and these are taken as the standard of quantity, neither the vendor nor the vendee will be permitted to claim for loss or gain. While this case has not been in terms overruled, it has been more

than once said, that it carried the doctrine of warranty as to quantity to a point beyond which it is unwise to extend. *Wright v. Wright*, 34 Ala. 194; *Rogers v. Peebles*, 72 Ala. 529. In 3 Washburn on Real Property, 427, the author observes : "Sometimes the quantity conveyed is mentioned in the deed ; but, independently of an express averment, or covenant as to quantity, this is always regarded as a part of the description merely, and will be rejected if it be inconsistent with the actual area of the premises, if the same is indicated and ascertained by known monuments and boundaries." In *Rogers v. Peebles, supra*, the principle is thus stated: "When the land sold is described by definite boundaries, in regard to which there can be no mistake, if it be followed by a statement, as 'containing —— number of acres,' or other phrase of like import, it is to be deemed a mere matter of description, and not as a covenant warranting the quantity intended to be conveyed. The buyer, in such case, takes the risk of the quantity, in the absence of any element of fraud."

In the deed made by appellee to appellant, the land is described as commencing at a designated point on the south bank of the Tennessee river, and thence up said river with its meanderings, and thence bounded by designated courses and distances and by the public road; and immediately following this description are these words," "and containing by survey two hundred and fifty acres in said tract." There is no express averment of the number of acres, but the quantity is stated as ascertained by a survey previously made. On the authorities above cited, these words must be regarded as descriptive of the land, unless there is something which takes them out of the general rule. This is sought to be done by parol evidence, that the land was sold and purchased at thirty dollars per acre.

There were two tracts of land sold at the same time—one called the "river land," and the other, the "mountain land." Looking to the deed alone, both of these tracts were sold for a gross sum for the entire lands, and not at a specified price per acre. There is no pretense that the mountain land was sold by the acre. In the absence of allegation or proof of fraud or mistake, the deed is regarded as the sole memorial and expositor of the contract, which parol evidence is inadmissible to vary, contradict, or explain.—*Winston v. Browning*, 61 Ala. 80. Conceding that the appellant agreed to pay a stipulated sum per acre for the river land, if he

[Hess v. Cheney.]

also agreed to take it by a survey already made as fixing the number of acres, he took upon himself the risk as to quantity, in the absence of fraud, concealment, or misrepresentation, which is neither alleged nor proved.—*Fleet v. Hawkins*, 6 Munf. 188. In such case, the purchaser is entitled to whatever quantity is contained within the designated boundaries, though it be greater than the number of acres stated in the deed, and the vendor does not covenant as to the quantity stated therein. There is evidence that the grantee was present during part of the time the survey was being made, knew the quantity ascertained thereby, and agreed to take it by the survey.

It is further insisted that, as the number of acres contained in the mountain land is estimated in the deed, the exact number of acres being unknown, the difference in phraseology in reference to the quantity of the land shows an intention to constitute the statement of the number of acres a covenant as to quantity. The difference in language merely shows an agreement to sell the mountain land by an estimated quantity, and the river land by the quantity fixed by the previous survey. Construing the entire deed, its legal effect is not a covenant as to the quantity of the river land.

The evidence of the surveyor, Duckett, was properly excluded. The Tennessee river was the north boundary of the land. The ownership of appellee extended to the margin of the water at its ordinary stage, and the deed conveyed the land between high-water mark and the ordinary stage of the water.—*Williams v. Glover*, 66 Ala. 189. The surveyor states that he surveyed only to the top of the bank. Without connecting proof of the quantity of land contained between the top of the bank and the water at its ordinary stage, his survey does not tend to show the number of acres in the tract.

Affirmed.