# Pearson *v.* Heard.

### *Action upon a Promissory Note.*

1. *Abatement of purchase money.*—Where a contract for the sale of land is not for the sale of a specific quantity of land, but for the sale of a particular tract or designated parcel by description, giving specific boundaries thereof, and is for the sale in gross and not at a price per acre, and the transaction is *bona fide*, a mistake as to the quantity of land will not entitle the purchaser to an abatement of the purchase money, and constitutes no ground for the rescission of the contract.

2. *Same; same.*—Where lands contracted to be sold are described by giving the number of acres, which is followed by the designation of the line on each side as indicated by adjacent lands, and the price paid is a gross sum, the words specifying the quantity are mere matters of description and do not constitute a covenant warranting the quantity; and a purchaser is not entitled to an abatement of the purchase price by reason of there not being as many acres of land as were so described.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.

This was an action brought by the appellee, William H. Heard, against the appellant, C. L. Pearson, and counted upon a promissory note. The defendant pleaded the following special plea: "12. For plea and answer to the complaint filed in this cause the defendant says, that the note sued on in this case was given for part of the purchase money for 234 acres of land, which the plaintiff sold to the defendant for the sum of $700 in four annual payments of $175 each, all of which have been paid except the note sued on, for which said land plaintiff executed to defendant his bond for title, the condition of which said bond for title is as follows, to-wit: 'The condition of the above obligation is such that, whereas, I have this day sold to said Pearson a certain tract of land in Tallapoosa county, Alabama, described as follows, vix.: Two hundred and thirty-four (234) acres of the east half of section 21, township 22, range twenty-four, bounded on the north by the land of Glenn Vines, on the east by the lands of Lum Heard, Mrs. Henderson and Reese Henderson, on the south by the Henderson lands and the George Berry lands, on the west by the lands of Elias Berry and I. W. Heard, Jr. Said lands corner on the southwest corner with Doss place. For which said lands said Pearson has given his promissory notes, bearing even date with this instrument, and aggregating seven hundred dollars, viz.: One note for one hundred dollars, due November 1, 1896, one note for seventy-five dollars, due December 1st, 1896, one note for one hundred dollars, due November 1st, 1897, one note for seventy dollars, due December 1st, 1897, one note for one hundred and seventy-five dollars, due December 1st, 1898, and one note for one hundred and seventy-five dollars, due December 1st, 1899. The above described notes for one hundred dollars each, due November 1st, 1896 and 1897, are to pay the balance due on the loan given by R. K. Heard and wife to the British-American Mortgage Company, Limited. Now if upon or before the maturity of all the above notes I shall make and cause to be made to said C. L. Pearson, his heirs, executors, administrators or assigns, a good and perfect title in fee simple, with all necessary war-

ranties and guarantees to the above described lands, then this obligation to be null and void, otherwise to remain in full force and effect. I am to put C. L. Pearson in the complete and peaceable possession of said above described land on the 1st day of January, next, and am not to permit any devestation of the timber, rails, etc. The title to the above described land I guarantee to be in me, and that the same is free from all liens and encumbrances whatever, except the balance due the said the British and American Mortgage Company, Limited, which I am to pay promptly upon maturity of same. In witness whereof I have hereunto set my hand and seal, on this, September 10, 1895. W. H. Heard (L. S.) Witness, F. A. Bloodworth, J. Percy Oliver.'

"And defendant avers that plaintiff has failed to put him in possession of said 234 acres of land as agreed in said contract, but only placed him in possession of 187.04 acres of the same; and that plaintiff has not got title to said 234 acres as he guarantees in said contract that he has, but only has title to 187.04 acres, and can only make title to defendant to said 187.04 acres; defendant avers that to the extent of the deficiency of said land, to-wit, 46.96 acres, worth $140.40, the consideration for said note has failed and defendant is entitled to an abatement of the purchase money in said sum of $140.40."

To this special plea of the defendant, the plaintiff demurred upon several grounds, which may be summarized as follows: 1. Because the contract of purchase, as set out in said plea, shows that the sale of the land was in gross and by defined boundaries and not of a particular number of acres of land. 2. Because the contract of sale, as alleged in said plea, does not show that the plaintiff guaranteed the tract of land included within the boundaries as set forth to contain 234 acres. 3. Because the said plea does not show that under the said contract of purchase the plaintiff guaranteed the said tract of land as described in said boundaries to contain 234 acres of land. 4. Because said plea shows that the words or figures, 234, were not a

guarantee of quantity, but was only a part of the description of said land.

The court sustained this demurrer, and the defendant declining to plead further, judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the judgment of the court sustaining the demurrer to the special plea.

JAMES W. STROTHER, for appellant, cited, *Bridges v. McClendon*, 56 Ala. 327; *Hodges v. Denny*, 86 Ala. 226; *Thweatt v. McLeod*, 56 Ala. 375; *Tedder v. Steele*, 70 Ala. 347; *Joseph v. Seward*, 91 Ala. 597; *Winston v. Browning*, 61 Ala. 80; *Bank v. Halsey*, 109 Ala. 208.

SORRELL & SORRELL, *contra*.

HARALSON, J.—It is well settled, that if a contract is not for the sale of a specific quantity of land, but is for the sale of a specified tract, or a designated lot, or parcel, by name or description, for a gross sum, and the transaction is *bona fide*, a mutual mistake as to quantity, but not as to the boundaries, will not entitle the purchaser to compensation, and will not be a ground for rescission. In such cases, where the sale is not at a specified price by the foot or acre, "the purchaser is entitled to the quantity contained within the designated boundaries of the grant, be it more or less, without reference to quantity or measure of the premises which is mentioned in the contract or conveyance."—*Winston v. Browning*, 61 Ala. 80. In the case cited, the court quotes approvingly what Chancellor Kent said in 4 Kent, 467, that "the mention of quantity of acres, after a certain description of the subject by metes and bounds, or by other specification, is but matter of description, and does not amount to any covenant, or afford any ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given amount. Whenever it appears by definite boundaries, or by words of qualification, as 'more or less,' or 'as containing by estimation,' or the like, that the statement of the quantity of acres in the deed, is mere matter of description, and is not of the

essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud." Both parties take upon themselves the risk as to quantity. *Hodges v. Denny,* 86 Ala. 226; *Hess v. Cheney,* 83 Ala. 251; *Crampton v. Prince, Ib.* 246; *Rogers v. Peeples,* 72 Ala. 529.

The description in the bond in this case is: "I have to-day sold to said Pearson a certain tract of land in Tallapoosa county, Alabama, described as follows, viz.: Two hundred and thirty-four (234) acres of the east half of section twenty-one, township twenty-four, bounded on the north by land of Glenn Vines, on the east by lands of Lum Heard, Mrs. Henderson and Reese Henderson, on the south by the Henderson lands and the George Berry lands, on the west by the lands of Elias Berry and I. W. Heard, Jr. Said lands corner on the southwest corner with Doss place." The price agreed to be paid for the tract of land was $700, in four annual payments of $175 each. It is not shown that this price was estimated by the acres, at so much per acre, but it appears, that it was $700 in gross for the tract. The tract was bounded on the north, east, south and west by definite boundaries, rendering it certain, and identifying it as specifically as if a block in a city or town had been sold and described as bounded on each side by a named street. The mention of the number of acres, after or before this certain description of the subject, by its artificial metes and boundaries, which was open to observation, and as to which each party might have been mistaken, was a mere matter of description and not of the essence of the contract. The purchaser was entitled to all the land included in the tract specifically described, though it might have been greater than the quantity stated, and the vendor was not liable if there was a discrepancy.—*Winston v. Browning, supra; Hodges v. Denny, supra; Wright v. Wright,* 34 Ala. 194.

There is no pretense that the vendor knew of the alleged mistake in the quantity of land when he sold it to the vendee, or that he practiced any fraud or decep-

tion on him.   From aught appearing he acted *bona fide*
and without any intermixture of fraud.

The demurrer to the plea, 12, was properly sustained.
Affirmed.