# Brassell *v.* Fisk.

*Bill to Reform Deeds and for a Money Decree.*

(Decided July 12, 1907. 45 So. Rep. 70.)
(Rehearing denied Dec. 19, 1907.)

1. *Vendor and Purchaser; Sales; Performance of Contract.*— Where there was no warranty as to quantity and certain designated tracts of land were sold as a whole for a gross sum the transaction is a sale in gross, and in the absence of fraud or gross mistake the purchaser is not entitled to abatement of price if the quantity of land is subsequently ascertained to be less than was estimated at the time of the sale.

2. *Covenant; Implied Warranty as to Quantity.*—In a deed wherein the land is bounded with certainty it is immaterial whether any quantity is expressed, and where, in addition, to the description of the boundary, the quantity is mentioned without any covenant as to quantity, the whole will be considered as a mere description.

3. *Same.*—For a gross sum a deed conveyed an undivided half interest in several tracts of land each of which was definitely described, with the addition following the descriptive clause, "the total acreage herein conveyed being 1,540 acres, more or less." A second deed from the same grantor to the same grantee conveyed an undivided half interest in the same lands, except that 60 acres described in the first deed as being located in Macon county was omitted from the second deed, the total acreage in the second deed being stated as 1,480 acres, more or less. Held, the deed did not import a warranty as to quantity.

4. *Evidence; Parol Evidence to Contradict Deed.*—Even in equity parol evidence is not admissible to contradict a deed, in the absence of any allegation of fraud, or that any language not expressive of the contract was inserted in the deed or that mistake was made in writing it.

5. *Equity; Jurisdiction; Fraud; Vendor and Purchaser; Abatement in Price.*—B. contracted to sell F. for a sum certain, based on a certain price per acre, a half interest in several tracts of land, each of which were definitely described, and the total acreage was stated as being 1,540 acres, more or less. F. had a survey made and informed B. that B. had no title to a certain 60 acre tract specifically conveyed, and that the total acreage conveyed was only 1,480 acres. B. made a deduction in price for the 60 acres and executed a deed and later discovered that the land contained 1,540 acres, exclusive of the 60 acres. Held, B. was not entitled in equity to recover the amount abated, even construing as fraudulent (referring to the actual acreage, and not to the supposed acreage as stated in the contract). F.'s statement that only 1,480 were left, as it cannot be presumed that B. would not have abated the price because of the 60 acres which he did not own.

[Brassell v. Fisk.]

APPEAL from the Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by A. B. Brassell against F. B. Fisk, to reform certain deed mentioned therein, and for a money judgment. From a judgment for defendant plaintiff appeals. Affirmed.

WILSON & MARTIN, for appellant. By concealment and misrepresentation of material facts touching the quality of the land, respondent paid complainant for 1,480 acres of the land and received conveyance and title to 1,540 acres of land. A court of equity will grant relief in such cases.—2 Pom. Eq. Jur. (3rd Ed.) secs. 852, 854, 858, 865, 866, 869, 870, 871, 901, 903 and note a, p. 1611; 1 Brick. Dig. p. 865, secs. 866-7; *Baker v. Maxwell*, 99 Ala. 588-563; *Brewer v. Arantz*, 124 Ala. 127-9; 2 Rose Notes, pp. 167-158; *Hodges v. Denney*, 86 Ala. 226. As to the use of the words, "more or less."—*Terrell v. Kirksey*, 14 Ala. 209; *Hess v. Cheney*, 83 Ala. 231; *Hodges v. Denny*, 86 Ala. 226; *Pearson v. Heard*, 135 Ala. 348.

HORACE STRINGFELLOW, for appellee. There being no allegation or proof of fraud or mistake in their execution, or of any subsequent waiver or modication of the contract they import, the writings are the sole memorial and expositor of the contract, and parol evidence is not admissible to contradict or explain them.—*Winston v. Browning*, 61 Ala. 83; *Rogers v. Peebles*, 72 Ala. 529. Whenever it appears by definite boundaries or by words of qualification, such as, "More or less," or as containing by estimation, or the like, that the statement of the quantity of the acres in the deed is mere matter of description, and is not of the essence of the contract, the buyer takes the risk of the quantity, if there be no inter-

mixture of fraud.—*Winston v. Browning, supra; Pearson v. Heard,* 135 Ala. 348. Fraud must be proved by clear and satisfactory evidence and if the transaction is susceptible of two constructions, that which will support the contract will be adopted.—*Allen v. Riddle,* 141 Ala. 627. Under the facts in this case fraud cannot be deemed to be material.—*Brainard Mfg. Co. v. Citronelle Co.,* 140 Ala. 609. Fraud and damage must concur to furnish a cause of action, the damage being the natural and consequent result of the fraud.—*Jordan v. Pickett,* 78 Ala. 340.

DENSON, J.—The bill is filed by A. B. Brassell against F. B. Fisk, and seeks a reformation of two deeds executed by the complainant to the respondent on the 8th day of February, 1904, and the 14th day of February, 1905, respectively, conveying to the respondent the title to the lands therein described. The bill also seeks a money decree against the respondent in the sum of $720, alleged to have been refunded or abated to the respondent on account of a deficiency in the acreage of the land, and claimed by the respondent.

The first question to be determined is whether the deeds on their faces show a sale of the lands in gross—per aversionem—or a sale by the acre: In other words, whether the deeds import a covenant of warranty as to quantity. The general rule is that when specific or designated tracts or parcels of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is termed a sale in gross. In such a sale quantity is not of the essence of the contract, and in the absence of fraud or gross mistake the purchaser is entitled to no diminution or abatement of the purchase price, if the quantity of land is subsequently ascertained to be less than was supposed or estimated

at the time of the sale.—*Winston v. Browning,* 61 Ala. 80; *Hodges v. Denney,* 86 Ala. 226, 15 South. 492; *Pearson v. Heurd,* 135 Ala. 348, 33 Southt. 673. The theory on which relief is denied is that the purchaser gets the specific land which he contracted to buy, and must be deemed to have assumed the risk of deficiency in quantity.—*Terrell v. Kirksey,* 14 Ala. 209; *Frederick v. Youngblood,* 19 Ala. 680, 54 Am. Dec. 209; *Rogers v. Peebles,* 72 Ala. 529; *Melick v. Dayton,* 34 N. J. Eq.. 245; *Morris Canal Co. v. Emmett,* 9 Paige (N. Y.) 168, 37 Am. Dec. 388. The deeds involved here each conveys an undivided half interest in the same lands, with the exception that 60 acres described in the first deed as being located in Macon county is left out of the second deed. A gross or lump sum is recited as the consideration in each of the deeds. Several tracts are conveyed by the deeds, each of which is definitely limited, and any competent surveyor could easily ascertain its contents; and the parties might have known the quantity of land contained within the limits described before the sale was concluded by taking proper measures.

In a conveyance of land by deed, in which the land is certainly bounded, it is immaterial whether any or what quantity is expressed, for the description by boundaries seems to be considered conclusive; and when the quantity is mentioned in addition to the description of the boundaries, without any covenant that the land contains that quantity, the whole must be considered as mere description.—*Dozier v. Duffee,* 1 Ala. 320; *Terrell v. Kirksey, supra,* and other authorities supra; *Powell v. Clark,* 5 Mass. 355, 4 Am. Dec. 67. In *Dozier v. Duffee,* 1 Ala. 325, a sale of land was made, and a bond to make titles was executed by the grantor in which the land was described in parcels, by its appropriate designation, at the land office, and to each separate parcel was added, con-

taining so many acres (naming the number) "more or less." There was no mention at the close of the contract of the total number of acres. Held, that there was no affirmation by the vendor of the quantity of acres in the entire tract, and the words, "more or less," though not decisive of themselves to show that there was no stipulation, by the vendor, as to the quantity, yet, when taken in connection with the rest of the bond, becomes very expressive of its true meaning. Further, that there being no covenant on the part of the vendor as to the number of acres in the tract, it was a sale by metes and bounds, and that in the absence of fraud, the actual quantity, whether more or less than the estimation at the purchase, would not avail either party.

In the deeds in controversy the description of the several parcels is very similar to that found in *Dozier v. Duffee, supra;* but following the description of the several parcels the deeds conclude thus: "The total acreage herewith conveyed being fifteen hundred and forty [in the deed of February 14, 1905, the number is given as 1,480] acres more or less, and being the same land conveyed to William H. Merritt by Lehman Durr Company and by deed recorded in book 43 (page 561) of deeds in the office of the Judge of Probate of Montgomery County." In *Minge v. Smith*, 1 Ala. 415, after describing the several parcels of land by government subdivisions, the deed contained a distinct clause in these words: "The whole of the within described lands contain in all, twelve hundred and sixty-eight and seventy-one hundredths acres." Nothing followed that clause. The court construing the deed said: "In the construction of deeds, it is the duty of the court to give effect to every sentence and word, if it be practicable. The land, we have seen, was very fully described before the introduction of the clause we are examining, so that

it cannot be held to be descriptive. We, then, can assign it no other office than to determine that it is a covenant as to quantity." The court reconciled the decision with that of *Dozier v. Duffee, supra.* *Wright v. Wright,* 34 Ala. 194, shows a sale of several tracts of land, and after a description by government subdivisions and metes and bounds, are these words in the deed: "This together with the first described, containing seven hundred and two acres, and the same being the settlement of lands at present occupied by said John Wright." It was there insisted that the statements of the deed as to the quan-tity of land conveyed constituted a guaranty, and *Minge v. Smith, supra,* was cited and relied on as authority for the insistence. The court, through Stone, J., said: "While we are indisposed to unsettle the principles de-clared in *Minge v. Smith,* we acknowledge that, in our opinion, those principles should not be extended." Af-ter referring to this clause in the opinion of the court, in *Minge v. Smith, namely,* "the land, we have seen, was very fully described before the introduction of the clause we are examining, so that it cannot be held to be descrip-tive." Judge Stone, continuing, said: "The clause of the present deed is entirely different." The difference pointed out being that after stating the quantity, the parties, as a part of the same clause, superadded. a clause purely descriptive, towit, that the same were "the settlement of lands at present occupied by the said John Wright." It was held that the *Wright Case* was distin-guishable from the *Case of Minge v. Smith,* and that the sale was one in gross.

It is obvious from the phraseology of the deeds in the instant case that it differentiates from *Minge v. Smith* in precisely the same way and degree as does that of *Wright v. Wright,* and that it must be controlled by the latter case, and of consequence that the deeds do not

import a warranty as to quantity. Therefore, quantity was not of the essence of the contract.—*Frederick v. Youngblood,* 19 Ala. 680, 54 Am. Dec. 209; *Carter v. Beck,* 40 Ala. 599; *Rogers v. Peebles,* 72 Ala. 529; *Hess v. Cheney,* 83 Ala. 251, 3 South. 791; *Pearson v. Heard,* 135 Ala. 348, 33 South. 673; *Perkins v. Winters,* 7 Ala. 855. It is also an established principle that in the absence of an allegation of fraud, or that any language not truly expressive of the contract had been inserted in the deeds, or that any mistake had been made in writing them, proof contradicting the deeds will not be admissible even in equity.—*Frederick v. Youngblood,* 19 Ala. 680, 54 Am. Dec. 209; *Winston v. Browning,* 61 Ala. 80.

The complainant evidently recognizing this principle, and, to bring his case within it, avers in the bill as follows: That the price agreed to be paid by the defendant for the interest conveyed by the first deed was upon the basis of $11 per acre, and at and prior to the time of the execution and delivery of the deed dated February 8, 1904, said lands were supposed to contain an acreage of 1,540 acres, and upon that basis the purchase price was ascertained to amount to the sum of $8,470, which sum is expressed as the consideration in said deed of conveyance. It is also averred that prior to the execution of the deed of February 8, 1904, and while defendant had under consideration the question of accepting complainant's offer to sell him upon the basis of $11 per acre the undivided interest conveyed by that deed, defendant looked at said lands and accepted the offer and requested complainant to give him a 12-month option on the other half interest in said lands on the basis of $13 per acre; that complainant assented to this, and that a written memoranda to such effect was made and signed by the parties; that within a day or two thereafter defendant caused to be drawn up by his attorney the deed of

conveyance of February 8, 1904, and also an instrument purporting to give defendant the option of purchasing the other undivided half interest in the lands at a price therein stipulated within 12 months; and that complainant executed the deed and the instrument giving the option. It is then averred that a short time prior to the expiration of the time expressed in the option defendant informed complainant that he would take the remaining interest of complainant in the lands (being an undivided one-half), on the basis of $13 per acre, and that soon thereafter, and within the 12-month period, defendant caused the lands (except the tract described as being in Macon county) to be surveyed and platted, and the number of acres calculated and definitely ascertained, by the county surveyor of Montgomery county, but that complainant took no part in the survey; that soon after said survey and plat, and with full knowledge of the result thereof, defendant stated to complainant that he had found that complainant had no title to the 60 acres in Macon county, and that complainant would have to deduct that 60 acres, which left 1,480 acres in the tract; that defendant well knew that complainant had not seen the said survey and plat and, up to that time, had received no intimation whatever of the result of said survey; that complainant, having full confidence in the defendant, and relying upon the truthfulness of defendant's statement, as he had a right to rely, readily acceded to defendant's demand to deduct the said 60 acres, and expressing a consideration less than that originally agreed upon; and that on the 14th of February, 1905, complainant executed and delivered said deed to the defendant, and that the sum abated amounted to $720.

It is further averred that on the 12th of December, 1905, defendant sold and conveyed the lands described in the deed of February 14, 1905, to H. Loeb & Bro.;

that on the 6th day of March, 1906, said Loeb & Bro. sold and conveyed them to the complainant; and that complainant is now the owner and possessor of said lands. It is then shown by the bill that, upon the purchase of the lands by complainant from H. Loeb & Bro., they turned over to complainant the survey and plat of the lands made by the defendant, and that from them complainant learned for the first time the fact that at the time of the sales and conveyances the lands contained 1,540 acres exclusive of the 60 acres in Macon county, and that defendant's statement to complainant that said lands contained but 1,480 acres, after deducting the said 60 acres in Macon county, was untrue; that in fact defendant had, by his misrepresentations as aforesaid, obtained conveyances from complainant for 1,540 acres, exclusive of said 60 acres in Macon county, when he had actually paid complainant for only 1,480 acres. It is then shown by the bill that complainant, as soon as he learned the fact that the lands contained 1,540 acres exclusive of the 60 acres in Macon county, promptly called on the defendant and demanded that he pay him the sum of $720 so deducted from the consideration of the purchase; that the defendant positively refused to pay complainant said sum, although admitting that he had bought said lands at the rate of $11 and $13 per acre, as aforesaid, and that the same contained an acreage of 1,540 acres exclusive of the 60 acres in Macon county.

It must be conceded that these allegations cannot be considered as affecting the first deed or the option, because they were executed long before the survey was made or the statements were made to the complainant; and that under that deed, if there was less than 1,540 acres of the land, the defendant, under authorities cited, supra, could not recover from the complainant for shortage; and that, on the other hand, if there was more than

1,540 acres in the boundaries of the land as described in
the deed, the defendant was entitled to it, and complain-
ant could not recover any compensation therefor.—
*Wright v. Wright, supra.* And there being no pretense
that the complainant did not intend to convey the Ma-
con county tract, there is no equity shown upon which
to reform that deed. The option executed to the defend-
ant, giving him the right to purchase the remaining
half interest in the property, falls within the same rule,
for it was for the same land, by the same description,
and was also for a gross price for the entire tract. Un-
der it the status of the complainant and defendant was
that, although there was a shortage in the estimated
acreage of the property agreed to be sold, defendant
could not require a conveyance of such half interest un-
der the option without paying the entire price stated
therein; and if the actual acreage was in excess of the
estimated or stated acreage, complainant could not de-
mand any greater compensation than the price named in
the option, and the defendant was entitled under it (by
purchasing within the time stated) to a conveyance of
the entire property, without reference to the quantity or
measure of the premises, which is mentioned in the con-
tract.—*Pearson v. Heard, supra.*

And as is contended by appellee's counsel, "while the
complainant could not demand compensation for any
excess acreage in the boundaries of the land conveyed,
nor increase in the purchase price stated in the option
for such excess, and the defendant could not claim com-
pensation nor abatement of the price for any shortage in
acreage, it cannot be doubted that the defendant could
demand from the complainant compensation for the
half interest in the Macon county land paid for by him,
as to which the title had failed, and an abatement of the
purchase price stated in the option for the remaining

half interest therein, because of complainant's inability
to convey an interest in such land according to his con-
tract, which interest was included in the price stipula-
ted to be paid." It is apparent that, in view of this prin-
ciple, the bill fails to show any fraud in the statement
made by the defendant which the bill alleges induced the
deduction of the value of the entire interest in the Ma-
con county land from the purchase price stated in the
option for the remaining half interest of complainant in
the entire tract.  The bill does not deny that complain-
ant had no title to the 60 acres in Macon county, nor can
it be denied that defendant was entitled to have deduct-
ed the value of said 60 acres as demanded by him; nor
can it be denied that the deduction of said 60 acres from
the supposed acreage, which was 1,540, left 1,480 acres,
the amount stated by defendant.  And, as insisted by
appellee, "the whole statement alleged to have been
made by the defendant is true, and is made false only
by construing the conclusion of defendant that that left
only 1,480 acres in the place, as referring to the actual
acreage, and not the supposed acreage as stated in the
first deed.  This construction that defendant referred to
the actual acreage imputes to him an impure motive
without any reason for his fraud"; and this should not
be done if his conduct is susceptible of a reasonable con·
struction which frees it from the imputation of impurity
of intention.—*Allen v. Riddle,* 141 Ala. 627, 37 South.
680.  According to the construction which the law, as
we have seen, places on the deed and option, defendant
had a right, in his statement made to complainant as to
the failure of title to the Macon county 60 acres, to treat
the excess acreage as his under the deed and option, and
it is fair to assume that, the actual acreage being imma-
terial and no demand being based thereupon, his state-
ment did not refer to the actual acreage but to the sup-

[Brassell v. Fisk.]

posed acreage, and was true, and was made for the correction of the statement of acreage in the second deed which was made. But if the allegations of fraud in the bill should be construed as showing a fraudulent or evil intent, it cannot be deemed material, because it is manifestly true from the averments of the bill that the deduction of the 60 acres in Macon county, and the value thereof, for failure of title, would have been made by complainant if the statement by defendant that that left only 1,480 acres had not been made, as it cannot be presumed in a court of equity that complainant would have refused to discharge his legal obligation under his contract. "If it be shown or made probable that the same thing would have been done by the parties in the same way, if the fraud had not been practiced, it cannot be deemed material."—*Brenard Mfg. Co. v. Citronelle Merc. Co.,* 140 Ala. 609, 37 South. 511.

Furthermore, the alleged fraud cannot give equity to the bill, for the reason that fraud and damage must concur to furnish a cause of action; and it clearly appears from the bill that no more was deducted than the value of the Macon county tract, to which title failed, and this precise amount the complainant, under his deed and option, would have been required to make good to respondent.—*Jordan v. Pickett,* 78 Ala. 340.

Upon the whole case, our conclusion is that the decree of the chancellor is correct, and must therefore be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.