(88 South. 440)

COX v. COLLINS. (6 Div. 175.)

(Supreme Court of Alabama. April 14, 1921.)

1. Vendor and purchaser ⬤⟾65(2), 176—Quantity not of essence of contract in case of a "sale in gross;" purchaser not entitled to deduction for shortage if sale is in gross.

Generally, when specific or designated tracts or parcels of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is a sale in gross, and in such case quantity is not of the essence of the contract, and in the absence of fraud or gross mistake a purchaser is entitled to no diminution or abatement of the purchase price if the quantity of land is subsequently ascertained to be less than supposed or estimated at the time of the sale, since the purchaser gets the specific land which he con-

tracted to buy and must be deemed to have assumed the risk of deficiency in quantity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale in Gross.]

**2. Vendor and purchaser ⊙══65(2)—Description by metes and bounds or government numbers not essential to a sale in gross.**

It is not necessary that the land be described by metes and bounds or government numbers in order to constitute the transaction a sale in gross, in which quantity is not of the essence of the contract, but a description by name is sufficient if such designation is sufficient for a proper identification.

**3. Vendor and purchaser ⊙══65(2)—Quantity held not of essence of contract.**

Sale of "300 acres of land in Jefferson county near Warrior, owned by D.," where the tract of land so sold was the only land owned by D. in Jefferson county near Warrior, *held* a sale in gross in which quantity was not of the essence of the contract.

**4. Vendor and purchaser ⊙══65(2) — Whether land is sold in gross depends on intention of parties.**

The question of whether land is sold in gross so that quantity is not of the essence of the contract or whether the exact number of acres is warranted is a question of the intention of the parties depending on the language of the contract in the light of the surrounding facts and circumstances.

Appeal from Circuit Court, Jefferson County; Horace Wilkinson, Judge.

Action by J. R. Cox against Thomas Collins for damage for breach of an agreement to convey land. From an adverse ruling on the pleading, plaintiff took a nonsuit, and appeals. Affirmed.

Suit by appellant against appellee. From the ruling of the court sustaining demurrers to the first count of the complaint plaintiff took a nonsuit with bill of exceptions to review such rulings. Count 1 is as follows:

"Plaintiff claims of the defendant $3,000 damages for the breach of an agreement entered into by him heretofore, to wit, on the 17th day of November, 1919, in writing, substantially as follows, viz.:

" 'Birmingham, Ala., Nov. 17, 1919.

" 'State of Alabama, Jefferson County.

" 'Received of J. L. Cox $50 as part purchase price on 300 acres of land in Jefferson county near Warrior, owned by Dr. Thomas Collins. This land to be deeded surface only. Price to be $12,500. Terms to be $4,000 cash when title is presented and $1,000 a year for eight years and $500 the ninth year. Interest to be 6 per cent. The $50 paid as earnest money to be deducted from the $4,000 to be paid cash. [Signed] Ingram Land Co., Agents, by Jno. B. Ingram, Jr. Witness: Omar Cox. [Signed] J. L. Cox. Witness: L. J. Epperson. " 'Approved: Thomas Collins.'

"Plaintiff says that, although he was ready, willing, and able to comply with all its provisions on his part, and plaintiff paid the said $50 mentioned in said agreement, the defendant breached said agreement as follows, viz.:

"(1) The defendant did not deed to plaintiff 300 acres of land.

"(2) The defendant refused to execute to the plaintiff a deed with the usual covenants of warranty conveying to plaintiff these 300 acres of land.

"(3) The tract of land mentioned in said agreement did not consist of 300 acres, but consisted of a greatly less number than 300 acres, and while defendant offered to deed to plaintiff the number which he really owned in said tract at and for the price of $12,500 according to the terms of said agreement, yet, although said tract of land consisted of a number of acres greatly less than 300 acres, defendant refused to make any abatement in the purchase price mentioned in said agreement, and refused to execute to plaintiff a deed with the usual covenants of warranty purporting to convey 300 acres.

"As a proximate consequence of said breaches of said contract plaintiff lost said sum of $50, which he paid as recited in said agreement, and plaintiff lost the value of the number of acres in said tract less than 300 acres, all to his damage, wherefore he sues."

Numerous assignments of demurrer were interposed, among them, that said count does not show that defendant guaranteed the tract of land mentioned therein to contain 300 acres, and that the contract set out shows that the words and figures "three hundred (300)" were not a guaranty of quantity, but only a part of the description of said land.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

As amended, the complaint states a good cause of action. (Ala.) 10 South. 243; 197 Ala. 487, 73 South. 76; 14 Ala. App. 422, 70 South. 201; 13 C. J. 714. It sufficiently appears that the defendant had breached the duty owing to plaintiff. Authority supra. The allegation of the damage was sufficient. 182 Ala. 138, 62 South. 734; 116 Miss. 779, 77 South. 794; 79 Ala. 452, 58 Am. Rep. 601; 117 Ala. 603, 23 South. 655; 52 Ala. 520; 19 Ala. 791; 117 Ala. 336, 23 South. 83, 67 Am. St. Rep. 170; 75 Ala. 168, 51 Am. Rep. 435. The contract was not void because of insufficient description. 69 Ala. 144; 182 Ala. 181, 62 South. 733. The contract was for the sale of a specific quantity of land, and not a sale in gross. 1 Ala. 417; 61 Ala. 82; 86 Ala. 228, 5 South. 492; 170 Ala. 119, 54 South. 517; 192 Ala. 307, 68 South. 909; 197 Ala. 488, 73 South. 76; 119 Ala. 353, 24 South. 552, 72 Am. St. Rep. 923; 135 Ala. 348, 33 South. 674; 14 Ala. 209; 34 Ala. 633.

Harris Burns, of Birmingham, for appellee.

The contract was not a guaranty for quantity, and the purchaser is not entitled to

compensation for a deficiency in the number of acres, in the absence of fraud. 61 Ala. 80; 34 Ala. 194; 153 Ala. 558, 45 South. 70; 19 Ala. 680, 54 Am. Dec. 209; 40 Ala. 599; 72 Ala. 529; 83 Ala. 251, 3 South. 791; 135 Ala. 348, 33 South. 673; 24 Ala. 552. On these authorities it is insisted that the court did not err in its ruling on the complaint.

GARDNER, J. This litigation arises out of a contract for the sale of lands, which is set out in the complaint and will appear in the statement of the case, and count 1 discloses that the plaintiff relies upon the language of the contract as establishing a warranty as to the quantity of land; this suit being brought for a breach thereof.

[1] The question of prime importance therefore is whether or not the contract imports a covenant of warranty as to quantity. This question is usually reduced to another, whether or not the contract shows a sale of the lands in gross or a sale by the acre.

"The general rule is that, when specific or designated tracts or parcels of land are sold as a whole for a gross sum, and there is no express or implied warranty as to quantity, the transaction is termed a sale in gross. In such a sale quantity is not of the essence of the contract, and in the absence of fraud or gross mistake the purchaser is entitled to no diminution or abatement of the purchase price, if the quantity of land is subsequently ascertained to be less than was supposed or estimated at the time of the sale. * * * The theory on which relief is denied is that the purchaser gets the specific land which he contracted to buy, and must be deemed to have assumed the risk of deficiency in quantity."—Brassell v. Fisk, 153 Ala. 558, 45 South. 70.

Again, in Pearson v. Heard, 135 Ala. 348, 33 South. 673, is the following language, here pertinent:

"It is well settled that, if a contract is not for the sale of a specific quantity of land, but is for the sale of a specific tract, or a designated lot, or parcel, by name or description, for a gross sum, and the transaction is bona fide, a mutual mistake as to quantity, but not as to the boundaries, will not entitle the purchaser to compensation, and will not be a ground for rescission. In such cases, where the sale is not at a specified price by the foot or acre, 'the purchaser is entitled to the quantity contained within the designated boundaries of the grant, be it more or less, without reference to quantity or measure of the premises which is mentioned in the contract or conveyance.'"

[2] We are therefore to construe the contract in the light of these well-settled rules. It is first to be noted that to come within the foregoing principle, in the sale of the specific tract, it is not necessary that the land be described by metes and bounds or government numbers, but a description by name would be sufficient, if such designation would suffice for a proper identification. This is made to appear not only in the language of the foregoing quotation from Pearson v. Heard, supra, but was made more clear by what was said in Winston v. Browning, 61 Ala. 81, in the following language:

"There was no representation of quantity made by the vendor, independent of the recital in the writings, nor is there any fact shown, which indicates that it was regarded as of the essence of the contract. The vendor and vendee knew the lands by the designation of the 'Lacy place,' and knew its boundaries; that is, knew who were the adjoining proprietors. Each supposed that in quantity it approximated 1,060 acres, but no stipulation of quantity was made by the one or sought by the other. A sale of the 'Lacy place,' the quantity uncertain, for a gross sum, the gin stand being included, was the contract made. Unless that contract is departed from, there can be no abatement of the purchase money, because of the deficiency in quantity."

[3] It would seem, therefore, that under the foregoing authorities, had this contract stipulated for the sale by the defendant to the plaintiff for a tract of land known as the "Dr. Thomas Collins place, in Jefferson county, near Warrior, containing 300 acres," the designation of the number of acres would be considered as merely descriptive—and the contract not disclosing a warranty as to quantity. The fact that in the present contract the designation of the number of acres precedes the other description is not a matter of controlling importance. This identical situation was presented in Pearson v. Heard, supra.

The only remaining deficiency, so far as the application of the principles above announced is concerned, is that in the present contract the language used is "owned by Dr. Thomas Collins." The complaint shows that the defendant offered to deed to the plaintiff the number of acres which he really owned in said tract for the price agreed, and according to the terms of the agreement; and while the surrounding circumstances are not stated in the complaint, yet the language thereof justifies the construction that the land here contracted to be sold constituted all the land owned by the defendant in Jefferson county near Warrior. Therefore the words "owned by Dr. Thomas Collins" in the contract would, under these circumstances and for the purposes of this case, be equally as definite and satisfactory a description as the words "the Dr. Thomas Collins place."

[4] After all, the question falls upon the proper intention of the parties as disclosed by the language of the contract in the light of the surrounding facts and circumstances. It has been held that whether the purchase price is an exact multiple of the number of acres is also a fact which may be considered as a circumstance, and the converse of this proposition is likewise a circumstance that

may be considered; that is, when the purchase money is not an equal multiple of the number of acres. 39 Cyc. 1312, and authorities cited in note. In the instant case the purchase price is $12,500, and if the quantity of land be held to the exact number of 300 acres, and the sale be considered as a sale per acre, it is seen that this would amount to $41.66⅔ per acre, which is rather improbable. Elliott's Heirs v. Whaley, 1 A. K. Marsh. (Ky.) 618; Crislip v. Cain, 19 W. Va. 438, 522.

Counsel for appellant cite, among other authorities, Minge v. Smith, 1 Ala. 415, and Hodges v. Denny, 86 Ala. 226, 5 South. 492, which authorities have been given our careful consideration, and, in our opinion, are easily distinguishable from the case here presented. Indeed, the case of Minge v. Smith, supra, has been somewhat shaken as an authority by subsequent reference, as in Wright v. Wright, 34 Ala. 194, and Hess. v. Cheney, 83 Ala. 251, 3 South. 791. The latter case in commenting upon Minge v. Smith said:

"While this case has not been in terms overruled, it has been more than once said that it carried the doctrine of warranty as to quantity to a point beyond which it is unwise to extend."

· Nor is there anything in the case of Terry v. Rich, 197 Ala. 486, 73 South. 76, which in our opinion militates against the conclusion here reached. ⁄

Manning v. Carter, 192 Ala. 307, 68 South. 909, was a case of fraudulent representation. There is no averment of fraud in the case before us, as shown by the complaint, and this authority is not in point.

We have reached the conclusion that the complaint discloses a sale in gross, and that the designation of the number of acres was mere descriptive matter, and that quantity was not of the essence of the contract.

There seems to be some contention on the part of counsel for appellant to the effect that, even if this is held to be a sale in gross, yet the complaint would be good, in that the plaintiff would "be entitled to sue for failure of defendant to convey the property contracted with reference thereto." There is no merit in this insistence; for, if the transaction was a sale in gross, then the property contracted to be sold would be all the land owned by defendant in Jefferson county, near Warrior, which the plaintiff alleges in his complaint the defendant offered to deed.

We are of the opinion the trial court properly sustained the demurrer to the complaint, and the judgment will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.